UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEMA BUZAYAN, an individual, by and through JAMAL MOHAMED BUZAYAN, as Guardian Ad Litem for a Minor, | No. 2:06-cv-1576-MCE-DAD |
| Plaintiff, | |
| v. | ORDER |
| CITY OF DAVIS POLICE DEPARTMENT, JAMES HYDE, individually and in his capacity as Chief of Police of the City of Davis Police Department, STEVEN PIERCE, individually and in his official capacity with the City of Davis Police Department, PHENG LY, individually and in his capacity as an officer of the City of Davis Police Department, BEN HARTZ, individually and in his capacity as an officer of the City of Davis Police Department, GINA ANDERSON, individually and as Sergeant of the City of Davis Police Department, | |
| Defendants. | |

----oo0oo----

1

In response to Plaintiff's Complaint, Defendants have filed 1) Motions to Dismiss predicated on Federal Rule of Civil Procedure[1] 12(b)(7) and 12(b)(6); 2) a Partial Motion to Strike in accordance with Rule 12(f); and 3) a Special Motion to Strike pursuant to California Code of Civil Procedure § 425.16.

Defendants initially argue that because Halema Buzayan is no longer a minor, this action cannot be pursued in her name through her father, Jamal Mohamed Buzayan, as Guardian ad Litem. Defendants contend that because the proper party has not been named as Plaintiff, the Complaint as it currently stands is subject to dismissal under Rule 12(b)(7) for failure to join an essential party. In response, Plaintiff's counsel concedes that this lawsuit was inadvertently filed in the wrong capacity since Halema Buzayan reached the age of majority several weeks before this lawsuit was instituted on July 14, 2006. (Pl.'s Opp., 8:25-27). Counsel concedes that amendment of the pleadings is necessary in order to designate Halema Buzayan herself as the named plaintiff and real party in interest pursuant to Rule 17(a), which requires an action be prosecuted in the name of the real party in interest. (See id. at 8:25-9:3).

Given the undisputed fact that the current named Plaintiff, Jamal Mohamed Buzayan, is no longer entitled to bring this action on his daughter's behalf, the discrepancy between the pleadings and the actual real party in interest, Halema herself, must be resolved before this matter can proceed further.

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1 Defendants' Motion to Dismiss under Rule 12(b)(7), which
2 alternatively can be deemed a motion to compel joinder of an
3 absent party under Rule 19, is accordingly GRANTED, with leave to
4 amend in order to designate the proper party plaintiff.  An
5 amended complaint may be filed in that regard not later than
6 twenty (20) days following the date of this Order.

7       The Court declines to entertain the remaining arguments made
8 by Defendants, in response to the Complaint, until such time as
9 the proper plaintiff has been substituted into this litigation.
10 Defendants' Motion to Dismiss under Rule 12(b)(6), their Partial
11 Motion to Strike under Rule 12(f), and the Special Motion to
12 Strike under California Code of Civil Procedure § 425.16 are
13 accordingly DENIED at this juncture, without prejudice.[2]
14       IT IS SO ORDERED.

16 DATED: October 16, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

27    [2] Because oral argument will not be of material assistance,
28 the Court ordered this matter submitted on the briefing.  E.D.
Cal. Local Rule 78-230(h).

3