UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEMA BUZAYAN, as an individual; DR. BUZAYAN MOHAMED BUZAYAN, an individual; NAJAT ABDALLA DARRAT, an individual; MOHAMED BUZAYAN, by and through DR. BUZAYAN MOHAMED BUZAYAN, as Guardian Ad Litem for a minor; YOUSEF BUZAYAN, by and through DR. BUZAYAN MOHAMED BUZAYAN, as Guardian Ad Litem for a minor; ALI BUZAYAN, by and through DR. BUZAYAN MOHAMED BUZAYAN, as Guardian Ad Litem for a minor, | No. 2:06-CV-1576-MCE-DAD |
| Plaintiffs, | MEMORANDUM AND ORDER |
| v. | |
| CITY OF DAVIS POLICE DEPARTMENT; THE CITY OF DAVIS; JAMES HYDE, individually and in his capacity as Chief of Police of the City of Davis Police Department; STEVEN PIERCE, individually and in his official capacity with the City of Davis Police Department; PHENG LY, individually and in his capacity as an officer of the City of Davis Police Department; GINA ANDERSON, individually and as Seargant of the City of Davis Police | |

1

Department; DAVID HENDERSON, individually and in his capacity as District Attorney for the YOLO COUNTY OFFICE OF THE DISTRICT ATTORNEY; PATRICIA FONG, individually and in her capacity as Deputy District Attorney for the YOLO COUNTY OFFICE OF THE DISTRICT ATTORNEY; DEBBIE DAVIS, as an individual; DAVIS ENTERPRISE NEWSPAPER; and LAUREN KEENE, as an individual,

   Defendants.

----oo0oo----

Through the present action, Halema Buzayan and the Buzayan family ("Plaintiffs") allege that the Davis Enterprise, Debbie Davis, and Lauren Keene ("Defendants") have caused them harm by publishing private information. Specifically, Plaintiffs have sued said Defendants for intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, failure to protect private information, defamation, and respondeat superior. These are all state law claims which supplement the federally-based claims brought against other defendants for violations of Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

Presently before the Court is the Defendants' Special Motion to Strike pursuant to California Civil Procedure Code § 425.16, California's anti-SLAPP statute.[1] The Plaintiffs did not oppose the Defendants' Motion to Strike with respect to the defamation claim and that claim is dismissed. For the reasons set forth below, the remainder of Defendant's Motion is GRANTED.

---

[1] SLAPP is an acronym denoting a so-called "Strategic Lawsuit Against Public Participation".

2

**BACKGROUND**

On June 7, 2005, an incident took place in a parking lot in Davis, California, wherein a Toyota Highlander allegedly hit a parked car. The Highlander was traced to the Buzayan family and led to a police investigation of the incident. After conducting interviews with various members of the Buzayan family, the Davis Police Department arrested 16-year-old Halema Buzayan on suspicion of a hit and run misdemeanor. Prior to her arrest, the Buzayan family paid for the damages done to the other car, while maintaining that they were not at fault for the incident.

On April 17, 2006, the Yolo County Superior Court dismissed the charges against Ms. Buzayan.  On April 28, 2006, the Davis Enterprise published an article written by Lauren Keene entitled "Audio of Hit and Run Arrest Revealing." The article describes the incident which led to Ms. Buzayan's arrest, the contact between the police officer and Ms. Buzayan, the arrest itself, the fact that Ms. Buzayan's case was dismissed by the Yolo County Superior Court, and the fact that Plaintiffs were planning on filing a civil lawsuit against the Davis Police Department.

Additionally, the Davis Enterprise made available on its website the audio tapes of the police investigation. The tapes were made by Davis police officer Pheng Ly, and include: 1) his initial interview with the victim of the hit and run, Ms. Wonhof; 2) interviews with Mr. and Mrs. Buzayan taken on the day of the incident; 3) the arrest of Halema Buzayan on June 13, 2005, at the Buzayan residence; and 4) his questioning of Ms. Buzayan at the Davis police station.

1    The audio tapes were given to the Davis Enterprise by the
2 Yolo County District Attorney's Office. Included in the audio
3 tapes were references to Plaintiffs' home telephone number,
4 address, and other allegedly private information.
5    According to Defendants, the attorney for the Plaintiffs
6 contacted Debbie Davis on May 1, 2006, to point out that private
7 information was included in the audio tapes. The Defendants then
8 redacted the information and re-posted the tapes on the website
9 on May 5, 2006.
10    On July 14, 2006, Ms. Buzayan, through her father as
11 Guardian Ad Litem, filed suit against the City of Davis Police
12 Department and individual Police Department employees for
13 seventeen causes of action.  The Defendants filed a Partial
14 Motion to Dismiss under Rules 12(b)(6) and 12(b)(7) and a Partial
15 Motion to Strike under Rule 12(f) and California Code of Civil
16 Procedure § 425.16. Since Ms. Buzayan had reached the age of
17 majority prior to filing the suit, the Court granted Defendants'
18 Motion to Dismiss under Rule 12(b)(7), and granted Plaintiff
19 leave to amend the complaint.
20    On November 3, 2006, Plaintiffs filed an amended complaint
21 which substituted Ms. Buzayan as an individual, and added the
22 additional members of the Buzayan family as Plaintiffs. The First
23 Amended Complaint also added the Davis Enterprise, Debbie Davis,
24 Lauren Keene, the City of Davis, and individuals from the Yolo
25 County Office of the District Attorney as Defendants, and
26 included additional causes of action.
27 ///
28 ///

4

The Davis Enterprise, Debbie Davis, and Lauren Keene filed their Special Motion to Strike on February 2, 2007. Oral argument on this Motion was held on April 16, 2007.

## STANDARD

California's Anti-SLAPP law is aimed at curtailing civil actions designed to deter private citizens from exercising their rights of free speech. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970 (9th Cir. 1999). The Ninth Circuit permits the use of anti-SLAPP motions in federal court on state law claims like those asserted herein against the moving Defendants. *Id.* at 973.

The court engages in a two-step process when ruling on a special motion to strike. *Equilon Enters. v. Consumer Cause*, Inc., 29 Cal. 4th 53, 67 (Cal. 2002). The first step is to determine that the defendant's act upon which the complaint is based was done "in furtherance of the person's right of petition or free speech...in connection with a public issue..." Cal. Civ. Proc. Code § 425.16(b)(1); *Equilon Enters.*, 20 Cal. 4th at 67. This is defined in § 425.16(e) as:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

5

Once a defendant shows that his or her conduct is covered under the anti-SLAPP statute, the second step is to determine if the plaintiff has a probability of prevailing on the underlying claim. *Equilon Enters.*, 20 Cal. 4th at 67. The court may examine "pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Civil Proc. Code § 425.16(b)(2).

**ANALYSIS**

**1. Defendants' Conduct as Protected Speech**

In an anti-SLAPP suit, the burden is on the defendant to show that the allegedly harmful conduct in which they engaged is protected under California Code of Civil Procedure § 425.16. *Braun v. Chronicle Publ'g Co.*, 52 Cal. App. 4th 1036, 1042-43 (Cal. Ct. App. 1997). "A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in [§ 425.16(e)]." *Id.* The defendant need not show that the purpose of the plaintiff's complaint is to chill the defendant's exercise of constitutional speech. *Equilon Enters.*, 20 Cal. 4th at 57.

The Plaintiffs alleged in their Complaint that the newspaper article entitled "Audio of Hit and Run Arrest Revealing," as well as later articles published in the Davis Enterprise, contained false and misleading accusations against the Buzayan family.
///
///

1 Additionally, Plaintiffs alleged that Defendants violated
2 Plaintiffs' privacy rights by posting audio tapes on the Davis
3 Enterprise website which gave out confidential information, such
4 as the Plaintiffs' home address and telephone numbers.
5   In their Opposition to the Motion to Strike, the Plaintiffs
6 limit the suit to harm caused by the allegedly unlawful
7 disclosure of private information, which was contained in the
8 audio tapes released on the Davis Enterprise website and in the
9 reporting of the juvenile proceedings.
10   As mentioned above, California Civil Procedure Code
11 § 425.16(e)(4) protects conduct done in furtherance of the right
12 of free speech in connection with a public issue. Although not
13 defined in the anti-SLAPP statute, a matter of public interest is
14 one that is "something of concern to a substantial number of
15 people." *Weinberg v. Feisel*, 110 Cal. App. 4th 1122, 1132
16 (Cal. Ct. App. 2003) (citing *Dun & Bradstreet v. Greenmoss
17 Builders*, 472 U.S. 749, 762 (1985)). Here, Ms. Buzayan's arrest
18 led to public criticism of the Davis Police Department and calls
19 for additional police oversight. Additionally, public protests
20 were held (which included Ms. Buzayan's family) in support of Ms.
21 Buzayan. Indeed, the Davis Enterprise, before being named as a
22 Defendant, called the Buzayan case the top story of the year.
23 Consequently, the news reporting done by the Defendants is
24 protected under the anti-SLAPP statute.
25 ///
26 ///
27 ///
28 ///

7

**2. Merits of Plaintiffs' Claims**

Since Defendants' acts are protected under the anti-SLAPP statute, the Plaintiffs now have the burden of demonstrating a probability of prevailing on the claims. *Equilon Enters.*, 20 Cal. 4th at 67. The claims at issue here are intentional infliction of emotional distress, negligent infliction of emotional distress, respondeat superior, invasion of privacy, and failure to protect private information.

**A. Invasion of Privacy**

The California Supreme Court has held that "an invasion of privacy claim based on allegations of harm caused by a media defendant's publication of facts obtained from public official records of a criminal proceeding is barred by the First Amendment to the United States Constitution." *Gates v. Discovery Comms'ns, Inc.*, 34 Cal. 4th 679, 696 (Cal. 2004). Additionally, in *Florida Star v. B.J.F*, the United States Supreme Court held "that where a newspaper publishes truthful information which it has lawfully obtained, punishment may lawfully be imposed, if at all, only when narrowly tailored to a state interest of the highest order." 491 U.S. 524, 541 (1989). Indeed, in the line of Supreme Court cases examining the conflict between the right to privacy and the right of free press, the Supreme Court has consistently ruled in favor of free press. *Florida Star*, 491 U.S. at 530.

///

///

In this case, the Plaintiffs acknowledged in both their complaint and their Opposition to the Motion to Strike that the Defendants received the audio tapes from the Yolo County District Attorney's Office.  The District Attorney's Office released the tapes after the Yolo County Superior Court dismissed the case against Ms. Buzayan. There is no allegation that the Defendants acted improperly in any way in obtaining the information or the tapes.

Additionally, Ms. Buzayan's arrest was a major story in the City of Davis. Her arrest led to accusations of racial and religious bias within the Davis Police Department and to the resignation of Police Chief James Hyde. When Defendants put the audio tapes on their website, they wanted the public to listen and decide for themselves whether anything inappropriate had occurred.

In *Florida Star*, the Supreme Court dealt with a news story which, contrary to Florida law, had identified the name of a rape victim. 491 U.S. 524. In upholding the right of the press to publish the name, which the defendants had lawfully obtained from police reports, the Court noted that "the article generally, as opposed to the specific identity contained within it, involved a matter of paramount public import: the commission, and investigation, of a violent crime which had been reported to authorities." *Florida Star*, 491 U.S. at 536-537. Similarly, the story here was about the police and their behavior. The general subject matter was important to the residents of the City of Davis as evidenced by the public outcry surrounding Ms. Buzayan's arrest.

In light of the fact that the Defendants lawfully obtained the audio tapes and were reporting on a newsworthy story, the Plaintiffs cannot prevail on an invasion of privacy claim.

## B. Failure to Protect Private Information

Plaintiffs allege that Defendants released private information in violation of California Civil Code § 1798.53, which provides, in pertinent part, "Any person...who intentionally discloses information, not otherwise public, which they know or should reasonably know was obtained from personal information maintained by a state agency...shall be subject to a civil action, for invasion of privacy..." The statute protects individuals from the dissemination of private information that is maintained by government agencies. *Alim v. Superior Court*, 185 Cal. App. 3d 144, 149 (Cal. Ct. App. 1986).

Since claims brought under California Civil Code § 1798.53 are for invasion of privacy, defenses to invasion of privacy actions are also available for alleged violations of § 1798.53. *Alim*, 185 Cal. App. 3d at 150. This includes "the special defenses that pertain to the press." *Id.* As noted above, the actions of Defendants in the constitutional invasion of privacy claim are protected by the First Amendment. Likewise, the Defendants are protected from the claims brought pursuant to § 1798.53. Therefore, Plaintiffs cannot prevail on this claim.
///
///
///

### C. Remaining Claims

The Plaintiffs' remaining claims are for intentional infliction of emotional distress, negligent infliction of emotional distress, and respondeat superior. The two emotional distress claims are premised on the Defendant's alleged invasion of privacy. The respondeat superior claim is not fleshed out in the pleadings but would also require a finding that Defendants had acted inappropriately in their reporting of the Plaintiff's allegedly private information. Since the Defendants are protected from the invasion of privacy claims, the Plaintiffs cannot prevail on their remaining claims.

### 3. Attorney's Fees

California Code of Civil Procedure § 425.16(c) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Thus, the Defendants may submit an application for their attorney's fees and costs under § 425.16(c).

### CONCLUSION

For the reasons set forth above, Defendants Motion to Strike is GRANTED.

Dated: June 22, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

11