1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11 HALEMA BUZAYAN, as an
   individual; DR. BUZAYAN
12 MOHAMED BUZAYAN, an
   individual; NAJAT ABDALLA
13 DARRAT, an individual; MOHAMED
   BUZAYAN, by and through DR.
14 BUZAYAN MOHAMED BUZAYAN, as
   Guardian Ad Litem for a minor;
15 YOUSEF BUZAYAN,by and through
   DR. BUZAYAN MOHAMED BUZAYAN,
16 as Guardian Ad Litem for a
   minor; ALI BUZAYAN, by and
17 through DR. BUZAYAN MOHAMED
   BUZAYAN, as Guardian Ad Litem
18 for a minor,
                                        2:06-cv-01576-MCE-DAD
19        Plaintiffs,

20     v.                               MEMORANDUM AND ORDER

21 CITY OF DAVIS POLICE
   DEPARTMENT; THE CITY OF DAVIS;
22 JAMES HYDE, individually and
   in his capacity as Chief of
23 Police of the City of Davis
   Police Department; STEVEN
24 PIERCE, individually and in
   his official capacity with the
25 City of Davis Police
   Department; PHENG LY,
26 individually and in his
   capacity as an officer of the
27 City of Davis Police
   Department; GINA ANDERSON,
28 individually and as Seargant

                        1

1  of the City of Davis Police
   Department; DAVID HENDERSON,
2  individually and in his
   capacity as District Attorney
3  for the YOLO COUNTY OFFICE OF
   THE DISTRICT ATTORNEY;
4  PATRICIA FONG, individually
   and in her capacity as Deputy
5  District Attorney for the
   YOLO COUNTY OFFICE OF THE DISTRICT
6  ATTORNEY; DEBBIE DAVIS, as an
   individual; DAVIS ENTERPRISE
7  NEWSPAPER; and LAUREN KEENE,
   as an individual,

8
                 Defendants.
9
                      ----oo0oo----
10

11       Through the present action, Halema Buzayan and the Buzayan

12  family ("Plaintiffs") allege nineteen causes of action against

13  the Davis Police Department and various individual police

14  officers; the Yolo County Office of the District Attorney and

15  individuals from the District Attorney's Office; and the City of

16  Davis (collectively "Defendants").  The Plaintiffs also brought

17  claims against the Davis Enterprise, Debbie Davis, and Lauren

18  Keene, which were dismissed by Order of this Court on June 22,

19  2007.

20       Presently before the Court is the Defendants' Special Motion

21  to Strike pursuant to California Civil Procedure Code § 425.16,

22  California's anti-SLAPP statute.[1]

23  ///

24  ///

25  ///

26  ///

27  
     _____

28       [1] SLAPP is an acronym denoting a so-called "Strategic
     Lawsuit Against Public Participation".

                              2

The Defendants seek to dismiss the Plaintiff's claims of defamation, statutory invasion of privacy, constitutional invasion of privacy, and portions of the claims of Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress which are predicated on the alleged invasions of privacy.  These are all state law claims which supplement the federally-based claims brought against the Defendants for violations of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

The Defendants have also submitted a Partial Motion to Dismiss, pursuant to Rule 12(b)(6), for alleged violations of the California Constitution.  Additionally, the Defendants filed a Motion to Strike portions of the Complaint pursuant to Rule 12(f).

For the reasons set forth below, the Defendant's anti-SLAPP Motion to Strike is GRANTED in part and DENIED in part.  The Defendant's Motion to Dismiss is GRANTED.  The Defendant's Motion to Strike portions of the Complaint is DENIED.

**BACKGROUND**

On June 7, 2005, an incident took place in a parking lot in Davis, California, wherein a Toyota Highlander allegedly hit a parked car.  The Highlander was traced to the Buzayan family and led to a police investigation of the incident.  Officer Pheng Ly of the Davis Police Department conducted the investigation.  Officer Ly interviewed members of the Buzayan family as well as Ms. Wonhof, the victim, and made audio tapes of these interviews.

On June 13, 2005, at approximately 9:30 p.m., Officer Ly arrested 16-year-old Halema Buzayan on suspicion of a hit and run misdemeanor.  Officer Ly took Ms. Buzayan to the Davis Police Station and questioned and fingerprinted her.  Officer Ly made audio tapes of the arrest and the subsequent questioning.  Prior to her arrest, the Buzayan family paid for the damages done to the other car, while maintaining that they were not at fault for the incident.

After the arrest, Jamal Buzayan, Halema's father, informed the American Civil Liberties Union (ACLU) and complained to the Davis City Council about his daughter's arrest.  A few days later, Mr. Buzayan filed a complaint against the Police Department.  Sergeant Gina Anderson conducted interviews into Plaintiff's allegations.  According to Plaintiffs, the Police Department rejected Mr. Buzayan's complaint.

On or about September 20, 2005, the Plaintiffs filed a Government Tort Claim against the City of Davis and the Davis Police Department.  On October 26, 2005, Mr. Buzayan and his former attorney met for a settlement conference with Douglas Thorn, the attorney representing the City of Davis.  The Plaintiffs allege that during this meeting Douglas Thorn inappropriately threatened them with retaliation.

The Buzayan's claims against the Police Department created a public outcry within the City of Davis.  Protests were held in Ms. Buzayan's honor and there were public calls for additional police oversight.

///

///

4

On January 27, 2006, the Davis Human Relations Commission (HRC) submitted a report to the Davis Police Department entitled "Civilian Oversight to Strengthen and Improve the Davis Police Department."  Jim Hyde, the Chief of Police, published a written report in response to the various allegations made by the HRC. Included was a response to the allegations made by the Buzayan family.

On or about November 18, 2005, Patricia Fong, on behalf of the Yolo County Office of the District Attorney, filed misdemeanor charges against Halema Buzayan.  In March and April of 2006, the Buzayans gave interviews to the media wherein they released portions of Officer Ly's audio tapes.  The Yolo County Superior Court dismissed the case against Halema Buzayan on April 17, 2006.  Subsequently, Patricia Fong gave an interview to the Davis Enterprise in which Ms. Fong discussed the Buzayan case and released the audio tapes made by Officer Ly.  The Davis Enterprise published an article on the subject and made the full content of the audio tapes available on its website.  Included in the audio tapes were references to Plaintiffs' home telephone number, address, and other allegedly private information.

On July 14, 2006, Ms. Buzayan, through her father as Guardian Ad Litem, filed suit against the City of Davis Police Department and individual Police Department employees for seventeen causes of action.  The Defendants filed a Partial Motion to Dismiss under Rules 12(b)(6) and 12(b)(7) and a Partial Motion to Strike under Rule 12(f) and California Code of Civil Procedure § 425.16.

///

Since Ms. Buzayan had reached the age of majority prior to filing the suit, the Court granted Defendants' Motion to Dismiss under Rule 12(b)(7), and granted Plaintiff leave to amend the complaint.

On November 3, 2006, Plaintiffs filed an Amended Complaint which substituted Ms. Buzayan as an individual, and added the additional members of the Buzayan family as Plaintiffs. The First Amended Complaint also added the Davis Enterprise, Debbie Davis, Lauren Keene, the City of Davis, and individuals from the Yolo County Office of the District Attorney as Defendants, and included additional causes of action. The Defendants filed their Special Motion to Strike and Partial Motion to Dismiss on February 9, 2007. Oral argument on this Motion was held on April 16, 2007.

**STANDARDS**

**1. Anti-SLAPP Motion**

California's Anti-SLAPP law is aimed at curtailing civil actions designed to deter private citizens from exercising their rights of free speech. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970 (9th Cir. 1999). The Ninth Circuit permits the use of anti-SLAPP motions in federal court on state law claims like those asserted herein against the moving Defendants. *Id.* at 973.

///

///

The court engages in a two-step process when ruling on a special motion to strike. *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (Cal. 2002). The first step is to determine that the defendant's act upon which the complaint is based was done "in furtherance of the person's right of petition or free speech ... in connection with a public issue ..." Cal. Civ. Proc. Code § 425.16(b)(1); *Equilon Enterprises*, 20 Cal. 4th at 67. This is defined in § 425.16(e) as:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Once a defendant shows that his or her conduct is covered under the anti-SLAPP statute, the second step is to determine if the plaintiff has a probability of prevailing on the underlying claim. *Equilon Enterprises*, 20 Cal. 4th at 67. The court may examine "pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Civ. Proc. Code § 425.16(b)(2).

///
///
///
///
///

7

**2. Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 2007 U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 21 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.

///

///

8

The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**3. Motion to Strike**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "(T)he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)(rev'd on other grounds *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994))(internal citations and quotations omitted).  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.*
///
///

**ANALYSIS**

**I. Special Motion to Strike**

**A. Defendants' Conduct as Protected Speech**

In an anti-SLAPP suit, the burden is on the defendant to show that the allegedly harmful conduct in which they engaged is protected under California Code of Civil Procedure § 425.16. *Braun v. Chronicle Publishing Co.*, 52 Cal. App. 4th 1036, 1042-43 (Cal. Ct. App. 1997). "A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in [§ 425.16(e)]." *Id.* As enumerated above, those categories include statements made either in connection with a judicial proceeding or on a matter of public interest. The defendant need not show that the purpose of the plaintiff's complaint is to chill the defendant's exercise of constitutional speech. *Equilon Enterprises*, 20 Cal. 4th at 57.

**1. Defamation**

Plaintiffs' defamation charges are aimed primarily at Chief Hyde's report to the Human Relations Commission and statements made by and to government officials. Additionally, Plaintiffs allege in their Opposition that Defendants disparaged the Buzayan family in the Muslim Community and that Chief Hyde sent a defamatory email to ABC television.

Defendants argue that these statements fall under the anti-SLAPP protections of § 425.16(e)(3) and § 425.16(e)(4), both of which require a showing that the statements concerned an issue of public interest.  Although not defined in the anti-SLAPP statute, a matter of public interest is one that is "something of concern to a substantial number of people." *Weinberg v. Feisel*, 110 Cal. App. 4th 1122, 1132 (Cal. Ct. App. 2003) (citing *Dun & Bradstreet v. Greenmoss Builders*, 472 U.S. 749, 762 (1985)).

Here, Ms. Buzayan's arrest led to public criticism of the Davis Police Department and calls for a civilian oversight board. The Plaintiffs gave interviews to the media and public protests were held in support of Ms. Buzayan.  Indeed, the Davis Enterprise, before being named as a Defendant in this case, called the Buzayan case the top story of the year.  Consequently, the Buzayan case was an issue of public interest.

### a. Chief Hyde's Report to the HRC

The Human Relations Commission was established by the Davis City Council to address issues of discrimination within the Davis community.  In January, 2006, The HRC issued a report entitled "Civilian Oversight to Strengthen and Improve the Davis Police Department."  Police Chief Jim Hyde issued a written memorandum to the Davis City Council responding to the allegations in the report.  Plaintiffs allege that Chief Hyde's response contained defamatory statements.

///

///

Section 425.16(e)(3) protects "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest."  A public forum is "defined as a place that is open to the public where information is freely exchanged." *Damon v. Ocean Hills Journalism Club*, 85 Cal. App. 4th 468, 475 (Cal. Ct. App. 2000).  City Council meetings are open to the public and allow for public comments to be heard on various topics.  As such, City Council meetings are a public forum for purposes of an anti-Slapp motion. Since the controversy surrounding the Buzayan case and the calls for police oversight were issues of public interest, Chief Hyde's report is protected under § 425.16.

### b. Statements made to government officials

Plaintiffs allege that Defendant Steven Pierce made a false statement to Yolo County Supervisor Mariko Yamada regarding the timing of the Buzayan's payment of damages to Ms. Wonhof. Plaintiffs make the same allegation about Carlos Matos, another government official.  Plaintiffs also allege that Davis City Council Member Stephen Souza received disparaging information about the Buzayans and passed it to Ms. Yamada.

Section 425.16(e)(4) protects "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."  This includes private statements which concern an issue of public interest.

12

*Terry v. Davis Cmty Church*, 131 Cal. App. 4th 1534, 1546 (Cal. Ct. App. 2005).  Therefore, the private communications between any Defendants and government officials are protected by the anti-SLAPP statute.

### c. Disparaging comments in the Muslim community

Plaintiff's allege that Stephen Pierce and others made false statements about the Buzayans to Hamza el Nakhal, a local Muslim cleric, and disparaged the Buzayan family within the Muslim community.  It appears that Hamza el Nakhal was a member of the HRC at the time the comments were made and was involved with the proposals for the civilian oversight board.  *See* Human Relations Commission, Minutes of September 22, 2005 Meeting, http://www.city.davis.ca.us/meetings/human/MIN09-22-05_reg.pdf. Regardless, the statements made to Hamza el Nakhal are private communications about an issue of public interest and are therefore protected under § 425.16(e)(4).

### d. Chief Hyde's email to ABC

The Plaintiffs further allege that an email that Jim Hyde sent to ABC television in March 2006 contained defamatory statements.  Mr. Hyde sent the email after an apparent attempt to conduct an interview with ABC.  In the email, Mr. Hyde noted that he could not comment on the pending juvenile case but he was willing to give the Police Department's perspective on Mr. Buzayan's allegations.

13

This is conduct in furtherance of free speech on a matter of public interest and therefore falls § 425.16(e)(4).

## 2. Invasion of Privacy

Plaintiff's two invasion of privacy claims are predicated on the Defendants' release of the audio tapes to the Davis Enterprise and the statement made about the juvenile proceedings. Defendants argue that this falls under § 425.16(e)(3) because they were made in a public forum on an issue of public interest. However, Plaintiffs argue that the information released by the Defendants violated Welfare and Institutions Code § 827 and therefore does not qualify for anti-SLAPP protection.

Welfare and Institutions Code § 827 governs the inspection and release of juvenile court records.  Section 827 provides, in pertinent part, "A juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, may not be disseminated ... other than [to] those ... authorized to receive documents ..." Cal. Welf. & Inst. Code § 827(a)(4). There is a strong public policy in keeping juvenile court records confidential, and it is up to the juvenile court to determine when disclosure of such records is allowed. *In re Keisha T.*, 38 Cal. App. 4th 220, 231 (Cal. Ct. App. 1995).

Here, the Defendants have not shown that they had a court order allowing them to disseminate any information relating to Ms. Buzayan's criminal case.

///
///

1    To the contrary, the Plaintiffs allege that the Yolo County
2    Superior Court denied the District Attorney's motion to release
3    information from the juvenile proceedings.  Moreover, while
4    Defendants argue that the Plaintiffs had previously given
5    portions of the audio tapes to other news outlets, the Defendants
6    do not show that the Plaintiffs had in fact released the entire
7    contents of the tapes.  Thus, the Defendants have not met their
8    burden to qualify for anti-SLAPP protection for purposes of
9    Plaintiffs' invasion of privacy claims.  The Defendants' Motion
10   to Strike Plaintiff's fifteenth and seventeenth causes of action
11   is DENIED.  Additionally, the Court denies Defendant's attempt to
12   strike portions of the emotional distress claims as well as
13   paragraphs 81-104 of the Complaint.

14

15       **B.    Merits of Plaintiff's Defamation Claims**

16

17       Since Defendant's allegedly defamatory acts are protected
18   under the anti-SLAPP statute, the Plaintiffs now have the burden
19   of demonstrating a probability of prevailing on the claims.
20   *Equilon Enterprises*, 20 Cal. 4th at 67.  "In determining whether
21   plaintiffs will probably prevail on the merits, we consider the
22   pleadings and evidentiary submissions of both sides, but we do
23   not weigh credibility or comparative strength of the evidence."
24   *Terry*, 131 Cal. App. 4th at 1551.  However, the evidence
25   presented must be admissible, and "declarations that lack
26   foundation or personal knowledge, or that are argumentative,
27   speculative, impermissible opinion, hearsay, or conclusory are to
28   be disregarded."

*Gilbert v. Sykes*, 147 Cal. App. 4th 13, 26 (Cal. Ct. App. 2007).

Plaintiffs allege that Chief Hyde's response to the HRC contained demonstrably false or misleading statements. Defendants argue that the report is privileged under California Civil Code § 47(b). Section 47(b) provides an absolute privilege for statements made "[i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law." California Civil Code § 47(b). The privilege extends to administrative and quasi-judicial proceedings. *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (Cal. Ct. App. 2002). It has been applied broadly and without regard to malice. *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 955 (Cal. 2007).

As mentioned above, the HRC is a committee created by the Davis City Council. In response to public complaints of police misconduct, the HRC issued a report entitled "Civilian Oversight to Strengthen and Improve the Davis Police Department." Police Chief Jim Hyde issued a written response to this report, which included a response to the HRC's characterizations of the Plaintiffs' complaints. Therefore, Chief Hyde's statements were issued in a legislative proceeding and are privileged.

The Plaintiffs' remaining defamation claims are based on more private communications. Defamation claims require a provably false statement of fact. *Gilbert*, 147 Cal. App. 4th at 27.

///

///

16

Additionally, Plaintiffs, if they are deemed to be limited public figures, "must prove by clear and convincing evidence that an allegedly defamatory statement was made with knowledge of falsity or reckless disregard for truth. *Ampex Corp. v. Cargle*, 128 Cal. App. 4th 1569, 1577 (Cal. Ct. App. 2005) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)). Limited public figures are those persons who voluntarily enter or are drawn into a public controversy. *Id.*

There are several elements to determine if a plaintiff is a limited public figure. *Ampex*, 128 Cal. App. 4th at 1577.

> First, there must be a public controversy, which means the issue was debated publicly and had foreseeable and substantial ramifications for nonparticipants. Second, the plaintiff must have undertaken some voluntary act through which he or she sought to influence resolution of the public issue. In this regard it is sufficient that the plaintiff attempts to thrust him or herself into the public eye. And finally, the alleged defamation must be germane to the plaintiff's participation in the controversy.

*Id.* Here, the issue of whether the Davis Police Department was adequately and constitutionally protecting the residents of the City of Davis was a public controversy. The City Council had listened to public calls for additional police oversight and responded with the HRC report discussing a possible civilian oversight board. The Plaintiffs state in their Complaint that they were associated with the movement to reform the Police Department and allege that this led to the Police Department issuing defamatory statements. Additionally, the Plaintiffs conducted several interviews with the media and kept their case in the public eye.

///

1  Consequently, the Plaintiffs meet the elements of limited public
2  figures for purposes of their defamation claims.

3       As limited public figures, the burden is on the Plaintiffs
4  to prove malice in the defamatory statements.   In their
5  Complaint, the Plaintiffs make broad reference to a series of
6  allegedly defamatory statements made by the Defendants.   In their
7  Opposition to the Motion to Strike, Plaintiffs clarify the
8  allegations into specific statements made by Stephen Pierce,
9  Carlos Matos, and Stephen Souza to Mariko Yamada and Hamza El
10 Nakhal.   In support of these accusations, Plaintiffs have put
11 forth declarations by their Counsel and by Mr. Buzayan that they
12 believe these statements occurred.   Neither Plaintiffs or their
13 Counsel were parties to the conversations in which these
14 statements took place, and Plaintiffs have not put forth
15 declarations from the participants themselves.   Thus, the
16 Plaintiffs have not provided admissible evidence as to these
17 allegedly defamatory statements.

18      Plaintiff's final defamation claim rests on an email that
19 Mr. Hyde sent to ABC after an attempt by Mr. Hyde to conduct an
20 interview with one of ABC's reporters.   Mr. Hyde included a
21 statement which gave the Police Department's version of the
22 events that transpired after the June 7, 2005 traffic incident.
23 In including this statement, Mr. Hyde, as Chief of Police, was
24 responding to the serious allegations leveled at the Police
25 Department by Mr. Buzayan.   Plaintiffs have not provided any
26 evidence that this statement was either false nor made with
27 actual malice.
28 ///

18

1   Therefore, Plaintiffs have not met their burden on any of the

2   defamation claims and the Defendants Motion to Strike as to these

3   claims is GRANTED.

4

5   **II. Motion to Dismiss**

6

7       Defendants have moved to dismiss Plaintiffs' third and

8   fourth causes of action pursuant to Rule 12(b)(6).  The third

9   cause of action alleges that Defendants violated Ms. Buzayan's

10  due process and equal protection rights under the California

11  Constitution, article I, § 7(a).  The fourth cause of action

12  alleges a violation of article I, § 13, the right to be free from

13  unreasonable seizure.  The Plaintiffs seek only monetary damages

14  for violations of these rights.

15      The California Supreme Court has held that monetary damages

16  are not available for violations of article I, § 7(a) of the

17  California Constitution.  *Katzberg v. Regents of the Univ. of*

18  *Cal.*, 29 Cal. 4th 300, 329 (Cal. 2002).  The Court noted that the

19  language of the due process clause did not indicate an intent to

20  allow monetary damages for its violation.  *Id.* at 318.

21  Additionally, article I, § 7(a) did not contain any "guidelines,

22  mechanisms, or procedures" by which the Court could infer a

23  damages remedy.  *Id.* at 321-322.  Similarly, the equal protection

24  clause in article I, § 7(a) does not give rise to a claim for

25  monetary damages.  *Gates v. Sup. Ct.*, 32 Cal. App. 4th 481, 525

26  (Cal. Ct. App. 1995).  Therefore, Plaintiffs' third cause of

27  action is dismissed.

28  ///

19

1   The issue of whether article I, § 13 of the California

2   Constitution, the right to be free from unreasonable seizures,

3   gives rise to a claim for monetary damages, has not been

4   definitively decided by California courts.  Nevertheless, several

5   unpublished district court decisions have dismissed such claims.

6   *Weimer v. County of Kern*, 2006 WL 3834237 (E.D. Cal. 2006);

7   *Wigfall v. City and County of S.F.*, 2007 WL 174434 (N.D. Cal.

8   2007).  In *Wigfall*, the district court examined article I, § 13

9   using the analytical framework described in *Katzberg*.  The court

10  noted that the plain language of the provision does not provide

11  for monetary damages.  *Wigfall*, 2007 WL 174434 at *5.

12  Additionally, the Plaintiff had other available remedies.

13  *Wigfall*, 2007 WL 174434 at *6.

14  This Court agrees with the reasoning of the district court

15  and finds that there is no remedy of monetary damages under

16  California Constitution article I, § 13.  The language of the

17  provision does not indicate an intent to provide monetary damages

18  and the Plaintiffs have other remedies by which they may be

19  awarded such damages.  Accordingly, Plaintiffs' fourth cause of

20  action is dismissed.

21  Inasmuch as the two Constitutional provisions do not provide

22  relief for the Plaintiffs there is no way to cure the defect in

23  the pleading.  Therefore, Defendants' Partial Motion to Dismiss

24  is GRANTED without leave to amend.

25  ///

26  ///

27  ///

28  ///

**III. Motion to Strike**

The Defendants seek to strike several paragraphs from the Plaintiffs Complaint which allege that attorney Douglas Thorn acted improperly in a settlement negotiation.  However, "[m]otions to strike are generally disfavored because of the limited importance of pleadings in federal practice."  *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 561 (C.D.Cal. 2005); *see also* William Schwarzer, et al., Federal Civil Procedure Before Trial § 9:375 (2006).  Here, Plaintiffs allege that Douglas Thorn threatened them with retaliation and that later his threats were carried out.  Since these allegations are related to Plaintiffs claims, the Motion to Strike is DENIED.

**CONCLUSION**

For the reasons set forth above, Defendants Motion to Strike the sixteenth cause of action for defamation is GRANTED.  The Motion to Strike the fifteenth and seventeenth causes of action for invasion of privacy is DENIED.  The Partial Motion to Dismiss the third and fourth causes of action for violations of the California Constitution is GRANTED without leave to amend.  The Motion to Strike portions of the Complaint is DENIED.

IT IS SO ORDERED.

Dated: August 8, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

21