UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEMA BUZAYAN, as an individual; DR. JAMAL BUZAYAN, an individual; NAJAT ABDALLA DARRAT, an individual; MOHAMED BUZAYAN, by and through DR. JAMAL BUZAYAN, as Guardian Ad Litem for a minor; YOUSEF BUZAYAN, by and through DR. JAMAL BUZAYAN, as Guardian Ad Litem for a minor; ALI BUZAYAN, by and through DR. JAMAL BUZAYAN, as Guardian Ad Litem for a minor, | No. 2:06-cv-01576-MCE-DAD |
| Plaintiffs, | |
| v. | ORDER |
| THE CITY OF DAVIS; JAMES HYDE, individually and in his capacity as Chief of Police of the City of Davis Police Department; STEVEN PIERCE, individually and in his official capacity with the City of Davis Police Department; PHENG LY, individually and in his capacity as an officer of the City of Davis Police Department; BEN HARTZ, individually and in his capacity as an officer of the City of Davis Police Department; DAVID HENDERSON, individually and in his capacity as District Attorney for the Yolo County Office of the District Attorney; PATRICIA FONG, individually and in her capacity as Deputy | |

1

1 | District Attorney for the Yolo County Office of the District
2 | Attorney and member of the Davis Police Department Community
3 | Advisory Board; DOUGLAS THORN, individually and in his capacity
4 | as counsel for Yolo County and the City of Davis;
5 |
6 |         Defendants.
7 | ----oo0oo----
8 |
9 |     Defendants City of Davis, James Hyde, Steven Pierce, Pheng
10 | Ly, Ben Hartz, Gina Anderson, David Henderson and Patricia Fong
11 | (hereinafter collectively referred to as "Public Defendants"
12 | unless otherwise indicated) have moved, pursuant to California
13 | Code of Civil Procedure § 425.16(c), for an award of certain
14 | attorney's fees incurred in connection with their Special Motion
15 | to Strike, brought under §425.16(b) and granted in part by the
16 | Court's Memorandum and Order issued August 8, 2007.
17 |     The prevailing defendant on a special motion to strike a
18 | claim arising from the defendant's exercise of free speech on a
19 | public issue, commonly referred to as an "anti-SLAPP motion",[1] is
20 | entitled to recover his or her attorney's fees and costs.  See
21 | Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001).  Fees and costs
22 | recoverable in that regard encompass both those incurred for the
23 | motion to strike itself and with respect to a subsequent
24 | application for fees.  Id. at 1140-41.
25 | ///
26 | ///
27 |
28 |     [1] SLAPP is an acronym denoting a so-called "Strategic Lawsuit Against Public Participation".

1    The Public Defendants are correct in pointing out that to
2 qualify for fees as a "prevailing party" on an anti-SLAPP motion,
3 a defendant need not have his or her motion granted in its
4 entirety.  Instead, a defendant whose motion is even partially
5 granted is entitled to fees as long as the motion's result is not
6 "so insignificant that the party did not achieve any practical
7 benefit from filing the motion."  Mann v. Quality Old Time
8 Service, Inc., 139 Cal. App. 4th 328, 340 (2006).
9    In the present matter, the Public Defendants' Special Motion
10 to Strike contained five separate anti-SLAPP requests directed to
11 Plaintiffs' Causes of Action for right of privacy, defamation,
12 failure to protect private information, and intentional and
13 negligent infliction of emotional distress.  Moreover, pled along
14 with the Special Motion to Strike were two separate dismissal
15 requests, pursuant to Federal Rule of Civil Procedure 12(b)(6),
16 directed to two other California-based causes of action, and a
17 Rule 12(f) Motion to Strike seeking to eliminate certain
18 paragraphs from the Complaint.
19    The Public Defendants were successful only in striking one
20 of Plaintiffs' causes of action, for defamation, pursuant to
21 California's anti-SLAPP statute.  The rest of the free-speech
22 challenges were denied, as were Defendants' various Rule 12(b)
23 requests.  Of a total of nineteen causes of action contained in
24 Plaintiffs' Complaint, only a single cause of action was
25 eliminated as a result of the Public Defendants' Motion.  In
26 addition, each of the parties seeking fees by way of the Motion
27 presently before the Court remains a defendant in the case.
28 ///

1          Nonetheless, in reliance on the <u>Mann</u> rule that even
2 partially successful defendants can seek to recoup their legal
3 fees, the Public Defendants now ask the Court to award $17,150.00
4 in attorney's fees, plus additional fees incurred in bringing the
5 present fee application of $1,960.00, for total claimed fees of
6 some $19,110.00.  This figure was derived from gross fees of
7 $38,143.00, less a ten percent reduction claimed by Public
8 Defendants to be consistent with the percentage of time devoted
9 to the Rule 12(b) motions.  With respect to the remaining
10 $34,300.00 after applying that discount, the Public Defendants
11 argue that because the successfully challenged defamation claim
12 was a particularly significant issue they should be entitled to
13 both fifty percent of the net $34,300, along with the $1,960.00
14 in fees incurred for bringing this Motion.
15          The Court believes that Public Defendants' request is
16 excessive given the fact that only one of nineteen claims was
17 eliminated as a result of their claim.  While the deleted
18 defamation claim was undoubtedly important, the fact remains that
19 its deletion did not fundamentally alter the complexion of this
20 lawsuit, which remains just as fact-laden and populated by just
21 as many of the moving Public Defendants as were embroiled in the
22 litigation beforehand.  The dispositive factor is not how much of
23 the briefing was devoted to the stricken defamation claim, as
24 Public Defendants appear to contend.
25 ///
26 ///
27 ///
28 ///

4

1  Instead, the applicable law states plainly that a fee award to a
2  partially successful litigant in an anti-SLAPP motion, like
3  Public Defendants herein, must be "commensurate with the extent
4  to which the motion changed the nature and character of the
5  lawsuit in a practical way."  Mann, 139 Cal. App. 4th at 345.
6      While the Court agrees that Public Defendants' victory was
7  not so "minimal and insignificant" to justify a refusal to deny
8  any fees whatsoever (see Morrow v. L.A. Unified School Dist., 149
9  Cal. App. 4th 1424, 1446 (2007)), and although it concludes that
10 Public Defendants do indeed qualify as a prevailing party in that
11 regard, the Court cannot agree to allocate a full fifty percent
12 (50%) of net fees as Public Defendants seek.  Instead, under the
13 rationale of Mann, and given the posture of the case before and
14 after Public Defendants' Special Motion to Strike was
15 adjudicated, a much lesser amount is indicated.
16     In granting this Motion in part,[2] the Court finds that
17 twenty percent (20%) is the appropriate figure in that regard,
18 and consequently awards $6,860.00 ($34,300.00 x .20), and $392.00
19 as compensation for bringing this motion ($1,960.00 x .20),[3] for
20 a total of $7,252.00.
21 ///
22 ///

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[3] The Court believes that fees in bringing this motion should be discounted to the same extent it concluded that the Public Defendants failed to prevail on the underlying Motion to Strike.  See Schwarz v. Secretary of Health and Human Services, 73 F.3d 895, 909 (9th Cir. 1995), citing Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 n.10 (1990).

5

Said sum shall be paid to counsel for Public Defendants not later than thirty (30) days following the date of this Order.

IT IS SO ORDERED.

Dated: May 1, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE