1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  HALEMA BUZAYAN, an individual;          No. 2:06-cv-01576-MCE-DAD
    DR. JAMAL BUZAYAN, an
12  individual; NAJAT ABDALLA
    DARRAT, an individual; MOHAMED
13  BUZAYAN, by and through DR. JAMAL
    BUZAYAN, as Guardian Ad Litem
14  for a minor; YOUSEF BUZAYAN, by
    and through DR. JAMAL BUZAYAN,
15  as Guardian Ad Litem for a minor;
    ALI BUZAYAN, by and through
16  DR. JAMAL BUZAYAN, as Guardian
    Ad Litem for a minor,
17
            Plaintiffs,
18
       v.                                   MEMORANDUM AND ORDER
19
    THE CITY OF DAVIS; JAMES HYDE,
20  individually and in his capacity
    as Chief of Police of the City
21  of Davis Police Department; STEVEN
    PIERCE, individually and in his
22  official capacity with the City
    of Davis Police Department; PHENG
23  LY, individually and in his
    capacity as an officer of the City
24  of Davis Police Department; BEN
    HARTZ, individually and as officer
25  of the City of Davis Police
    Department; DAVID HENDERSON,
26  individually and in his capacity
    as District Attorney for the Yolo
27  County Office of the District
    Attorney;; PATRICIA FONG,
28  individually and in her capacity

                              1

1  as Deputy District Attorney for the
   Yolo County Office of the District
2  Attorney and member of the Davis
   Police Department Advisory Board;
3  DOUGLAS THORN, individually and in
   his capacity as counsel for Yolo
4  County and the City of Davis,

5            Defendants.

6                  ----oo0oo----

7

8       The present case has already been the subject of several

9  different Motions to Dismiss brought by various defendants in an

10 effort to reduce the parties to this lawsuit and the causes of

11 action pled against them.  In their most recent Second Amended

12 and Supplemental Complaint for Damages, Halema Buzayan and the

13 Buzayan family ("Plaintiffs") allege sixteen causes of action

14 against the Davis Police Department and various individual police

15 officers; the Yolo County Office of the District Attorney and

16 individuals from the District Attorney's Office; and the City of

17 Davis (collectively referred to as "Defendants" unless otherwise

18 noted).

19      Now before the Court is Defendants' Motion to Dismiss

20 brought pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] on

21 grounds that certain of Plaintiffs' currently pled causes of

22 action still fail to state claims upon which relief can be

23 granted.  As set forth below, Defendants' Motion will be granted

24 in part and denied in part.

25 ///

26 ///

27 _____

28       [1] All further references to "Rule" or "Rules" are to the
   Federal Rules of Civil Procedure unless otherwise noted.

                               2

1

## BACKGROUND

2

3    On June 7, 2005, an incident took place in a parking lot in
4  Davis, California, wherein a Toyota Highlander allegedly hit a
5  parked car.  The Highlander was traced to the Buzayan family and
6  led to a police investigation of the incident.  Officer Pheng Ly
7  of the Davis Police Department conducted the investigation.
8  Officer Ly interviewed members of the Buzayan family as well as
9  Ms. Wonhof, the victim, and made audio tapes of these interviews.
10    On June 13, 2005, at approximately 9:30 p.m., Officer Ly
11  arrested 16-year-old Halema Buzayan on suspicion of a hit and run
12  misdemeanor.  Officer Ly took Ms. Buzayan to the Davis Police
13  Station and questioned and fingerprinted her.  Officer Ly made
14  audio tapes of the arrest and the subsequent questioning.  Prior
15  to her arrest, the Buzayan family paid for the damages done to
16  the other car, while maintaining that they were not at fault for
17  the incident.
18    After the arrest, Jamal Buzayan, Halema's father, informed
19  the American Civil Liberties Union (ACLU) and complained to the
20  Davis City Council about his daughter's arrest.  A few days
21  later, Mr. Buzayan filed a complaint against the Police
22  Department.  Sergeant Gina Anderson conducted interviews into
23  Plaintiffs' allegations.  According to Plaintiffs, the Police
24  Department rejected Mr. Buzayan's complaint.
25  ///
26  ///
27  ///
28  ///

1    On or about September 20, 2005, the Plaintiffs filed a
2 Government Tort Claim against the City of Davis and the Davis
3 Police Department.  On October 26, 2005, Mr. Buzayan and his
4 former attorney met for a settlement conference with Douglas
5 Thorn, the attorney representing the City of Davis.  The
6 Plaintiffs allege that during this meeting Douglas Thorn
7 inappropriately threatened them with an action for retaliation.

8    The Buzayans' claims against the Police Department created a
9 public outcry within the City of Davis.  Protests were held in
10 Ms. Buzayan's honor and there were public calls for additional
11 police oversight.  On January 27, 2006, the Davis Human Relations
12 Commission (HRC) submitted a report to the Davis Police
13 Department entitled "Civilian Oversight to Strengthen and Improve
14 the Davis Police Department."  Jim Hyde, the Chief of Police,
15 published a written report in response to the various allegations
16 made by the HRC.  Included was a response to the allegations made
17 by the Buzayan family.

18    On or about November 18, 2005, Patricia Fong, on behalf of
19 the Yolo County Office of the District Attorney, filed
20 misdemeanor charges against Halema Buzayan.  In March and April
21 of 2006, the Buzayans gave interviews to the media wherein they
22 released portions of Officer Ly's audio tapes.  The Yolo County
23 Superior Court dismissed the case against Halema Buzayan on
24 April 17, 2006.  Subsequently, Patricia Fong gave an interview to
25 the Davis Enterprise in which Ms. Fong discussed the Buzayan case
26 and released the audio tapes made by Officer Ly.  The Davis
27 Enterprise published an article on the subject and made the full
28 content of the audio tapes available on its website.

4

Included in the audio tapes were references to Plaintiffs' home telephone number, address, and other allegedly private information.

On July 14, 2006, Ms. Buzayan, through her father as Guardian Ad Litem, filed suit against the City of Davis Police Department and individual Police Department employees for seventeen causes of action.  The Defendants filed a Partial Motion to Dismiss under Rules 12(b)(6) and 12(b)(7) and a Partial Motion to Strike under Rule 12(f) and California Code of Civil Procedure § 425.16.  Since Ms. Buzayan had reached the age of majority prior to filing the suit, the Court granted Defendants' Motion to Dismiss under Rule 12(b)(7), and granted Plaintiff leave to amend the complaint.

On November 3, 2006, Plaintiffs filed an amended complaint which substituted Ms. Buzayan as an individual, and added the additional members of the Buzayan family as Plaintiffs.  The First Amended Complaint also added the Davis Enterprise, Debbie Davis, Lauren Keene, the City of Davis, and individuals from the Yolo County Office of the District Attorney as Defendants, and included additional causes of action.  As a result of Special Motions to Strike and Partial Motions to Dismiss filed in early 2007, the media defendants (the Davis Enterprise, Debbie Davis and Lauren Keene) were dismissed along with three causes of action.  After Defendants filed a Motion for Judgment on the Pleadings directed to remaining claims in late 2007, Plaintiffs sought and received permission from the Court on December 14, 2007 to file a Second Amended Complaint.  As a result, the Motion for Judgment on the Pleadings was taken off calendar.

1    The present Second Amended Complaint, filed on or about

2    January 3, 2008, deletes four additional causes of action set

3    forth in its predecessor.  Defendants' pleading challenges to the

4    Second Amended Complaint are the subject of the Motion to Dismiss

5    now before the Court.

6

7                            **STANDARD**

8

9    On a motion to dismiss for failure to state a claim under

10   Rule 12(b)(6), all allegations of material fact must be accepted

11   as true and construed in the light most favorable to the

12   nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

13   337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2)

14   requires only "a short and plain statement of the claim showing

15   that the pleader is entitled to relief," in order to "give the

16   defendant fair notice of what the . . . claim is and the grounds

17   upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47, 78 S.

18   Ct. 99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by a

19   Rule 12(b)(6) motion to dismiss does not need detailed factual

20   allegations, a plaintiff's obligation to provide the "grounds" of

21   his "entitlement to relief" requires more than labels and

22   conclusions, and a formulaic recitation of the elements of a

23   cause of action will not do.  Bell Atl. Corp. v. Twombly, 2007

24   U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal citations and

25   quotations omitted).  Factual allegations must be enough to raise

26   a right to relief above the speculative level.

27   ///

28   ///

6

Id. at 21 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**A.    The Federal Excessive Force Claim Fails, Along with the Causes of Action Predicated Thereon.**

In her First Cause of Action, Plaintiff Halema Buzayan alleges, pursuant to 42 U.S.C. § 1983, that Defendant Ly used excessive force in effectuating her arrest.[2]  Second Am. Compl., ¶ 120.

///

---

[2] Plaintiff also alleges within the First Cause of Action that her arrest was made without probable cause.  That portion of the First Cause of Action is not challenged under Rule 12(b)(6).

7

1   Factually, that allegation is based on the assertion that while

2   fingerprinting Halema in the process of her arrest on June 13,

3   2005, "Ly.... repeatedly pressed Halema's fingers with undue

4   pressure in a readily apparent attempt to cause her pain." <u>Id</u>.

5   ¶ 63.  The Complaint does not allege that Halema's fingers were

6   bruised or that she suffered any other injury.

7        These allegations do not suffice for purposes of stating a

8   potential excessive force Fourth Amendment violation.  An officer

9   like Defendant Ly is entitled to use reasonable force to effect

10  and consummate an arrest.  To be actionable, any force beyond

11  that threshold must be significant, particularly where no real

12  injury occurs.  <u>See</u> <u>Nolin v. Isbell</u>, 707 F.3d 1253, 1257, 1258

13  n. 4 (11th Cir. 2000) (shove, knee in back and "uncomfortable"

14  groin search resulting in minor bruise was <u>de minimis</u>); <u>Gold v.</u>

15  <u>City of Miami</u>, 121 F.3d 1442, 1446-47 (11th Cir. 1997) (skin

16  abrasions from tight handcuffs kept on for twenty minutes deemed

17  <u>de minimis</u>).

18       Neither party has cited any published decision finding that

19  extra pressure exerted during the fingerprinting process, against

20  a subject neither disabled or already injured, can form the

21  factual predicate to an excessive force violation.  Nor has the

22  Court been able to locate any such authority.  In opposition to

23  Defendants' Motion to Dismiss the excessive force component of

24  the First Cause of Action, Plaintiff simply argues that the

25  reasonableness of force to effectuate an arrest should usually be

26  deemed a question of fact for determination by the jury.  <u>Barlow</u>

27  <u>v. Ground</u>, 943 F.2d 1132, 1135 (9th Cir. 2000).

28  ///

1  She points out that such inquiry is "rarely determinable as a

2  matter of law," <u>Chew v. Gates</u>, 27 F.3d 1432, 1443 (9th Cir.

3  1994), and further argues that an individual need not show actual

4  damages, or even significant injury, for unreasonable force to be

5  present.  <u>See</u> <u>Wilks v. Reyes</u>, 5 F.3d 1412, 1416 (9th Cir. 1993).

6       Despite Plaintiff's apparent assertions to the contrary,

7  excessive force can indeed be determined as a matter of law if

8  the court finds that no reasonable trier of fact could find the

9  force in question unreasonable.  Given the current allegations of

10  Plaintiff's complaint, that is the case here.  Simply alleging

11  that an officer caused Plaintiff to press her fingers too

12  forcefully during that fingerprinting process cannot suffice for

13  pleading an excessive force claim, particularly since deliberate

14  pressure is inherently necessary to secure adequate fingerprints.

15       The failure of Plaintiff's excessive force allegations

16  carries over to other portions of her complaint, to the extent

17  that additional claims made by Halema hinge upon the viability of

18  those allegations.  The Second and Fourth Causes of Action,

19  insofar as they allege 42 U.S.C. § 1983 discrimination and equal

20  protection violations founded on the Fourteenth Amendment because

21  of excessive force, fail along with Plaintiff's direct claim for

22  excessive force as encapsulated within the First Cause of

23  Action.[3]

24  ///

25  ///

26

27       [3] As with the First Cause of Action, however, the claims
made within the Second and Fourth Causes of Action for unlawful
28  arrest remain unaffected.

1   Additionally, Plaintiff Halema Buzayan's Thirteenth Cause of
2   Action, for so-called <u>Monell</u> liability, attempts to find
3   Defendant City of Davis, Defendant Hyde, and Defendant Pierce
4   also responsible for the actions of Defendants Ly and Hartz in
5   arresting Plaintiff, on grounds that they authorized, ratified
6   and/or were consciously indifferent to the kind of excessive
7   force and unreasonable seizure to which Halema was subjected.
8   <u>See</u> Second Am. Comp., ¶¶ 179-182.  Again, those claims fail to
9   the extent they are predicated on unreasonable force which has
10  not been adequately pled.

11      The same holds true for other causes of action asserted by
12  Halema.  The Fifth Cause of Action, for conspiracy to deprive
13  Halema of her constitutional rights in violation of 42 U.S.C.
14  § 1983 and 1985(3), also purports to be premised, in part, on
15  Halema's right to be free of excessive force and is defective
16  insofar as no such underlying force has been identified.  Even
17  more fundamentally, both the Seventh and Eighth Causes of Action,
18  which allege violations of California Civil Code §§ 52.1(b) and
19  51.7, respectively, both are premised on the right to be free of
20  violence or threats of violence.  Since no threats of violence
21  have been identified, the validity of those claims necessarily
22  depends on the identification of some actual violence, and the
23  only even arguable act of such violence alleged in the Second
24  Amended Complaint is the excessive force alleged by Halema to
25  have occurred in the course of her fingerprinting.  Since the
26  Court has concluded that no excessive force claim has been
27  adequately pled, the Seventh and Eighth Causes of Action fail in
28  their entirety.

1    The identical analysis also applies with respect to the
2    Tenth and Sixteenth Causes of Action, for assault and battery,
3    which also fail in the absence of excessive force.  The only even
4    arguable battery identified in the complaint is the alleged
5    pressure applied by Officer Ly during the course of Halema's
6    fingerprinting.  Because the Court has concluded that the current
7    Complaint does not demonstrate anything in that regard other than
8    reasonable means to effectuate an arrest, and because an arrest
9    in and of itself cannot constitute battery, no viable battery
10   claim has been made.  Similarly, an arrest free of any improper
11   physical contact also cannot furnish the threat of violence
12   necessary to sustain an assault claim.  Halema has not identified
13   anything beyond the alleged threat of excessive force during the
14   course of her arrest as support for her assault claim.

15   In sum, then, because Plaintiff's allegations of excessive
16   force cannot be sustained, the First, Second, Fourth, Fifth and
17   Thirteenth Claims are dismissed under Rule 12(b)(6) to the extent
18   they are predicated on excessive force.  The Seventh, Eighth,
19   Tenth and Sixteenth Causes of Action are dismissed in their
20   entirety because they completely depend on viable excessive force
21   claims which are absent from the Second Amended Complaint.

22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

11

1    **B.    Plaintiffs Fail to State a Cognizable Constitutional**
2    **     Privacy Violation.**

3

4         Plaintiffs' Third Cause of Action contends that the
5    disclosure of Plaintiffs' names, birthdates, phone number and
6    address violated their constitutional rights of privacy conferred
7    by the First, Third, Fourth, Fifth, Ninth and Fourteenth
8    Amendments to the United States Constitution under the auspices
9    of 42 U.S.C. § 1983.  See Second Am. Compl., ¶¶ 133-35.
10        In Paul v. Davis, 424 U.S. 693 (1976), the Supreme Court
11   made it clear that certain kinds of disclosures/publication do
12   not rise to the level of constitutional protection and must be
13   addressed, if at all, exclusively under the provisions of state
14   law.  In Paul, the plaintiff alleged that police distribution to
15   local merchants of a flyer containing his photo and name, where
16   he had been arrested but not convicted of shoplifting, invaded
17   his privacy given the ultimate dismissal of criminal charges
18   against him.  The Supreme Court rejected arguments that
19   disclosure of such information invoked constitutional privacy
20   concerns under the same provisions invoked by Plaintiff here: the
21   First, Fourth, Fifth, Ninth and Fourteenth Amendments.  Id. at
22   712-713.  Paul stands for the proposition that public disclosure
23   of personal information by local governmental entity defendants,
24   like Defendants herein, does not rise to the level of
25   constitutional protection unless the disclosure restricts action
26   within fundamental "zones of privacy" related to marriage,
27   procreation, conception and the like.
28   ///

12

1  Id., see also St. Michael's Convalescent Hosp. of California,

2  643 F.2d 1369, 1374-75 (9th Cir. 1981) (citing Paul).  The names,

3  birthdates, address and phone number information at issue here,

4  information that was publicly available already, in part by

5  Plaintiffs' own actions, cannot be deemed "private" for

6  constitutional purposes so as to invoke privacy protection on

7  that basis.  See Russell v. Gregoire, 124 F.3d 1079, 1084 (9th

8  Cir. 1997); citing Johnson v. Sawyer, 47 F.3d 716, 732-33 (5th

9  Cir. 1995).

10      Defendants' Motion to Dismiss the Third Cause of Action, for

11 constitutional privacy interests, is consequently granted.

12

13      **C.    Plaintiffs have Adequately Demonstrated, for Pleading
            Purposes, a Conspiracy to Obstruct Justice under**

14          **§ 1985(2).**

15

16      Plaintiffs' Sixth Cause of Action alleges that Defendants

17 conspired to deter them from pursuing a governmental tort claim

18 in violation of 42 U.S.C. § 1985(2), which renders actionable

19 conspiracies to deter any party or witness from "attending

20 [federal] court, or from testifying to any matter pending

21 therein" or to injure any such person for having done so, or to

22 obstruct "the due course of justice in any State...with intent to

23 deny to any citizen the equal protection of the laws..."    As

24 factual support for their conspiracy claim under § 1985(2),

25 Plaintiffs claim that at an October 26, 2005 hearing, Defendants

26 threatened to retaliate against them in order to "deter and

27 intimidate" Plaintiffs from pursuing their civil rights claims.

28 Second Am. Compl., ¶ 148.

1    Since no federal action has been implicated by Plaintiffs

2  except for the present case, which post-dates the misconduct

3  alleged to have occurred at the October 26, 2005 hearing,

4  Plaintiffs apparently target the state court equal protection

5  clause of § 1985(2), which "concerns access to state or

6  territorial courts." Portman v. County of Santa Clara, 995 F.2d

7  898, 909 (9th Cir. 2003).  While it is true that no state court

8  action was yet pending as of October 26, 2005, a fair reading of

9  Plaintiffs' Complaint is that such claims were being

10  contemplated.  Paragraph 98 alleges that Douglas Thorn

11  "threatened to retaliate against [Plaintiffs] if they pursued any

12  claims against the Davis Police Department."  Second Am. Compl.,

13  ¶ 98.  This is sufficient for purposes of stating a claim under

14  § 1985(2).

15

16         **D.   Plaintiffs' False Imprisonment Claim Survives, although
              its Citation to Portions of the California Welfare and**
17            **Institutions Code is Improper.**

18

19    In the Ninth Cause of Action, Plaintiff Halema Buzayan

20  claims that Defendants Ly and Hartz "falsely imprisoned" her by

21  arresting her without a warrant.  Defendants take issue with the

22  factual averment, at paragraph 60 of the Second Amended

23  Complaint, that Defendant Ly was required to take Halema, as a

24  minor, to a probation officer pursuant to California Welfare and

25  Institutions Code §§ 625 and 626 before conducting any interview

26  with her.

27  ///

28  ///

14

That allegation is incorporated within paragraph 161, which claims within the Ninth Cause of Action itself that Defendants "delayed taking [Halema] to the proper government authority after her arrest."  Second Am. Compl., ¶ 161.

Defendants allege that §§ 625 and 626 are inapplicable because § 626 give an officer alternatives when a minor is taken into temporary custody under § 625.  One of those options is to take a minor before a county probation officer if he or she is to remain detained, another is to simply release the minor. Defendants correctly claim that because Halema was in fact released, the statutes do not apply.  Consequently, Defendants' Motion to Dismiss is granted as to that limited issue, but, as Defendants concede, that does not result in dismissal of the false imprisonment claim in its entirety since it is also premised on other grounds.  (Defs.' Reply, 2:3-5).

> **E.    Plaintiffs have not Stated a Viable Claim for Negligent Hiring and Supervision.**

In their Twelfth Cause of Action, Plaintiffs allege negligent hiring, training and supervision against the City of Davis, the Office of the District Attorney of Yolo County, and Defendants Hyde and Henderson as responsible for those two entities.  Plaintiffs do not dispute that both the City and the Yolo County Office of the District Attorney are public entities.

///

///

///

15

1      Pursuant to California Government Code § 815, public

2  entities cannot be held directly liable in tort except as

3  specifically provided by statute.  Caldwell v. Montoya, 10 Cal.

4  4th 972, 980 (1995).  Plaintiffs' negligent hiring, training and

5  supervision claim is a form of direct liability, since it does

6  not arise from the entities' vicarious liability for its

7  employees' torts.  See de Villers v. County of San Diego, 156

8  Cal. App. 4th 238, 252-53 (2007).  No statutory basis exists for

9  such a negligence claim.  Id.; see also Munoz v. City of Union

10  City, 120 Cal. App. 4th 1077, 1110-15 (2004).  Consequently,

11  Plaintiffs' Twelfth Cause of Action fails.

12

13      **F.   Plaintiffs' Fourteenth and Fifteenth Causes of Action,
          for Violations of Privacy Rights in Contravention of**

14      **California law, are Viable.**

15

16      The Fourteenth and Fifteenth Causes of Action are factually

17  premised on Defendants' alleged disclosure and broadcast of

18  private information about Plaintiffs.  Legally, the Fourteenth

19  Cause of Action is predicated on privacy rights guaranteed under

20  Article I, Section 1 of the California State Constitution,

21  whereas the Fifteenth Cause of Action is derived both from

22  California's common law right to privacy and from the statutory

23  protections afforded by the California Information Practices Act,

24  California Civil Code § 1798.53, et seq.

25  ///

26  ///

27  ///

28  ///

1    While Defendants claim that disclosure of Plaintiffs'

2   personal information does not constitute a "serious intrusion"

3   for purposes of invoking either constitutional or common law

4   privacy concerns, any determination in that regard raises factual

5   issues not appropriate for disposition as a matter of law on the

6   pleadings.  Additionally, while Defendants claim that California

7   Civil Code § 1798.53 excludes on its face liability for

8   disclosure of personal by governmental employees "acting solely

9   in his or her official capacity", and while Defendants assert

10  that § 1798.53 is inapplicable because Plaintiffs have not

11  established that the disclosures at issue occurred in anything

12  other than the official capacities of those allegedly

13  responsible, here too the determination of what acts fall within

14  one's official capacity and which do not go beyond the

15  permissible scope of a motion to dismiss.  At least according to

16  the Complaint, disclosures were made which had no reasonable

17  relationship to the public interests at issue.  Those allegations

18  are sufficient to withstand pleadings scrutiny at this stage of

19  the litigation.

20    Defendants' argument that the disclosures at issue are

21  absolutely privileged in accordance with California Civil Code

22  § 47(a) is similarly unavailing.  That privilege only applies to

23  publications or broadcasts made "in the proper discharge of an

24  official duty."  Whether or not the information disseminated here

25  falls within that category is by no means clear, particularly

26  within the context of a motion to dismiss.  Indeed, according to

27  Plaintiffs, at least one of the disclosures in question was made

28  in violation of a state court order.  (See Pls.' Opp., 25:11-20).

17

1    While Defendants also claim immunity under California

2  Government Code § 821.6, that reach of that statute is also

3  limited.  It provides that "[a] public employee is not liable for

4  injury caused by his instituting or prosecuting any judicial or

5  administrative proceeding with the scope of his employment, even

6  if he acts maliciously or without probable cause."  According to

7  Plaintiffs, the release of confidential information occurred

8  after dismissal of Halema's criminal case and in an effort to

9  dissuade them from pursuing civil liability against the County.

10  Those allegations, if true, would bring the disclosure outside

11  the purview of the statute.  Section 821.6 does not apply if the

12  complained of tort occurred after completion of the judicial or

13  administrative proceeding.  Ogborn v. Lancaster, 101 Cal. App.4th

14  448, 463 (2002).  In addition, the language of § 821.6 also

15  brings us back to the question of whether the acts in question

16  occurred within the scope of the Defendants' course of

17  employment, an inquiry that simply cannot be answered on the face

18  of the pleadings.

19    Defendants' final argument in alleging that the privacy

20  causes of action cannot be sustained relates specifically to the

21  prosecutor defendants, namely the Yolo County Office of the

22  District Attorney and Defendants Fong and Henderson as attorneys

23  in that office.  Defendants argue that no claim can now be pled

24  against any of the prosecutor defendants because the claims

25  presentation requirements of the California Tort Claims Act,

26  California Government Code § 900, et seq., were not satisfied.

27  ///

28  ///

18

1  Defendants cite case law to the effect that district attorney's
2  act as state officials where prosecuting criminal violations of
3  state law.  See, e.g., Pitts v. County of Kern, 17 Cal. 4th 340,
4  356-57 (1998).   Therefore, according to Defendants, a state tort
5  claim had to be filed before resorting to litigation, despite the
6  fact that it is unquestioned that Plaintiffs filed a tort claim
7  with the County of Yolo regarding the alleged malfeasance of the
8  district attorney's office and the two individually named
9  prosecutors.

10      This argument ignores the underlying purpose of tort claim
11 presentation requirements, which is "to provide the public entity
12 sufficient information to enable it to adequately investigate
13 claims and to settle them, if appropriate, without the expense of
14 litigation.  Phillips v. Desert Hosp. Dist., 49 Cal. 3d 699, 705
15 (1989).  The tort claims presented to the Yolo County Board of
16 Supervisors sufficed to meet the tort claims presentation
17 requirements as to the prosecutor defendants.

18
19      **G.   Plaintiffs' Claim for Intentional Infliction of
            Emotional Distress Fails.**
20

21      In their Eleventh Cause of Action, for Intentional
22 Infliction of Emotional Distress, Plaintiffs summarily assert
23 that the "above-described conduct of defendants was extreme and
24 outrageous, done intentionally and/or recklessly with conscious
25 disregard of plaintiffs' rights...."  Second Am. Compl., ¶ 172.
26 To be deemed outrageous, the conduct at issue must be so extreme
27 as to exceed all bounds of that usually tolerated in a civil
28 society.

<u>Christensen v. Superior Court</u>, 5 Cal. 3d 868, 903 (1993).
Plaintiffs have failed to specify just how Defendants' conduct is
alleged to have met that stringent standard, and make no attempt
to identify any particular conduct.  In addition, they fail to
describe, beyond mere boilerplate recitation, whether they
suffered severe or extreme emotional distress and whether that
distress was proximately caused by Defendants' conduct.

     In light of this lack of detail, and also given Plaintiffs'
failure to offer any opposition to Defendants' request that the
intentional infliction be dismissed, the Court will grant
Defendants' Motion as to the Eleventh Cause of Action.


     **H.    Immunity of the Attorney/Prosecutor Defendants has not
            been Established.**


     Defendants generally argue that the attorney/prosecutor
defendants, which include not only Defendants Henderson and Fong
from the Yolo County District Attorney's office but also
Defendant Thorn, who represented the City of Davis, should be
absolutely immune from liability under 42 U.S.C. § 1983 for
actions within their authority taken within a quasi-judicial
capacity, such as initiating and pursuing a criminal proceeding.
///
///
///
///
///
///

1    Defendants' position is misplaced.  Prosecutors are

2  absolutely immune from liability under § 1983 only for conduct

3  "intimately associated" with the judicial phase of the criminal

4  process.  Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005).

5  Here, Plaintiffs allege that the Yolo County District Attorney's

6  Office engaged in misconduct after the Yolo County Superior Court

7  dismissed criminal proceedings against Halema Buzayan.  Moreover,

8  to the extent that the prosecutors engaged in comments to the

9  media, such comments "have no functional tie to the judicial

10  process just because they are made by a prosecutor", and hence

11  cannot be intimately associated with the process so as to qualify

12  for absolute immunity.  See Buckley v. Fitzsimmons, 509 U.S. 259,

13  277-78 (1993).  Hence the bid for absolute immunity under § 1983

14  by the prosecutor defendants (Defendants Henderson and Fong)

15  fails.[4]

16    As to Defendant Thorn, the scope of the immunity simply does

17  not apply.  The immunity alleged pertains to prosecutors engaged

18  in a criminal process.  By all indications, Thorn was a defense

19  attorney engaged by the City of Davis to represent it with

20  respect to potential civil rights levied by Plaintiffs.  He was

21  not a prosecutor.  Nor was he engaged in a criminal proceeding.

22  Rather, the conduct for which he is being sued relates to his

23  initial role in civil proceedings that eventually paved the way

24  for the instant lawsuit.

25

26    [4] In addition, to the extent that the prosecutor defendants

27  also claim immunity as state actors under the Eleventh Amendment
   of the United States Constitution, that argument also lacks

28  merit.  When prosecutors communicate with the media, they are not
   acting in a role "as advocate for the State."  Id. at 277-78.

Indeed, Mr. Thorn's law firm continues to civilly represent Defendants, including Mr. Thorn, in this very case.

**I.   The claims against Defendant Thorn are Time-Barred.**

Although Defendant Thorn is not entitled to immunity for the federally based causes of action pled against him pursuant to 42 U.S.C. § 1983, he also alleges a statute of limitations defense to those claims, and to the § 1985 claims as well.  That limitations defense will now be considered.

The only event identified with Thorn mentioned in the Complaint, and supporting his inclusion as a Defendant, is the October 26, 2005 meeting with Plaintiffs, at which time Plaintiffs allege that Thorn threatened to retaliate them if they pursued their complaints against the Davis Police Department and its officers.  See Second Am. Compl., ¶¶ 92-99.

California two-year personal injury statute of limitations governs Plaintiff's § 1983 based causes of action.  Wilson v. Garcia, 471 U.S. 261, 268-69 (1985); Calif. Code of Civ. Proc. § 335.1.  The same limitations period also applies to an action under 42 U.S.C. § 1985.  McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991).

///
///
///
///
///
///

22

Therefore it would appear that no suit against Thorn could be filed after October 26, 2007, two years following the October 26, 2005 meeting underlying his alleged liability.  The Second Amended Complaint naming Thorne as a Defendant was not filed until January 3, 2008.[5]

    While Plaintiffs argue that the two-year statute of limitations should begin to run on the date of the last "overt act" alleged to have caused Plaintiff's injury, and appear to infer that later dissemination of information or commencement of criminal proceedings would trigger a later date, the Ninth Circuit has found that the statute of limitations begins to run in cases such as this when a defendant communicates to the plaintiff its allegedly wrongful operative decision to take punitive or retaliatory action, and not when such resulting action later actually occurs.  RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002).  Because the purported decision by Defendant Thorne to deter Plaintiffs from filing a civil claim was, according to Plaintiffs, announced to them at the October 26, 2005 meeting, the date of that meeting controls for limitations purposes.  Plaintiffs' Third, Fifth and Sixth Causes of Action against Defendant Thorne are accordingly time-barred.

///

_____

    [5] Although the Motion to Amend Plaintiffs' First Amended Complaint so as to permit filing of the Second Amended Complaint was filed on October 23, 2007, or some three days prior to expiration of the two-year period for filing an action against Defendant Thorne, Plaintiffs do not contend that equitable tolling occurred because of the filing of their Motion to Amend. Nor has the Court been able to locate authority for such proposition in any event.

1    Plaintiffs' state law claims are similarly barred.  Since

2   the Sixth and Eleventh Causes of Action have already been

3   dismissed on substantive grounds as set forth above, the only

4   remaining state claims pled against Thorne are the Fourteenth and

5   Fifteenth Causes of Action, which allege privacy violations.  The

6   limitations period governing California actions for common law

7   invasions of privacy appears to be the two-year period governing

8   personal injury claims.  <u>See</u> <u>Johnson v. Harcourt, Brace,</u>

9   <u>Jovanovich, Inc.</u>, 43 Cal. App. 3d 880, 895-96 (1974) (citing the

10  one-year period then in effect).  Because no separate limitations

11  period has been articulated for state constitutional privacy

12  violations, and because California Civil Code § 1798.53 refers to

13  a civil action for invasion of privacy as the appropriate remedy,

14  the Court believes that the two-year statute of limitations

15  period applies across the board to Plaintiffs' California-based

16  privacy claims, thereby precluding claims against Thorne in the

17  Fourteenth and Fifteenth Causes of Action.

18

19                            **CONCLUSION**

20

21    For the reasons set forth above, Defendants' Motion to Dismiss

22  Plaintiffs' Second Amended Complaint is GRANTED in part and DENIED

23  in part.[6]  The Motion to Dismiss is GRANTED as to the First,

24  Second, Fourth, Fifth and Thirteenth Causes of Action to the

25  extent those causes of action are predicated on excessive force.

26

27        ─────────────

28        [6] Because oral argument would not be of material assistance,
    this matter was deemed suitable for decision without oral
    argument.  E.D. Local Rule 78-230(h).

                              24

1  The Motion is GRANTED as to the Seventh, Eighth, Tenth and
2  Sixteenth Causes of Action in their entirety because they depend
3  on viable excessive force allegations absent from the Second
4  Amended Complaint.

5      The Motion is also GRANTED as to the Third, Eleventh and
6  Twelfth Causes of Action but DENIED as to the Sixth and Ninth
7  Causes of Action, except to the extent that the Ninth Cause of
8  Action relies on California Welfare and Institutions Code §§ 625
9  and 626.

10     In addition, the Court GRANTS Defendant Thorne's Motion to
11 Dismiss on grounds of timeliness inasmuch as all remaining claims
12 against him are barred by the applicable statute of limitations.

13     The Court has serious doubts that Plaintiffs can remedy the
14 defects of the Second Amended Complaint addressed by this
15 Memorandum and Order through further amendment. The Court
16 believes that granting further leave to amend the complaint is
17 very generous. Nonetheless, the Court will give Plaintiffs one
18 final opportunity to do so.  Any amended pleading must be filed
19 not later than twenty (20) days following the date of this Order.

20     IT IS SO ORDERED.

21 Dated: September 26, 2008

24 MORRISON C. ENGLAND, JR.
   UNITED STATES DISTRICT JUDGE