UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEMA BUZAYAN, as an individual; DR. JAMAL BUZAYAN, an individual; NAJAT ABDALLA DARRAT, an individual; MOHAMED BUZAYAN, by and through DR. JAMAL BUZAYAN, as Guardian Ad Litem for a minor; YOUSEF BUZAYAN, by and through DR. JAMAL BUZAYAN, as Guardian Ad Litem for a minor; ALI BUZAYAN, by and through DR. JAMAL BUZAYAN, as Guardian Ad Litem for a minor, | No. 2:06-cv-1576-MCE-DAD |
| Plaintiffs, | |
| v. | ORDER |
| THE CITY OF DAVIS; JAMES HYDE, individually and in his capacity as Chief of Police of the City of Davis Police Department; STEVEN PIERCE, individually and in his official capacity with the City of Davis Police Department; PHENG LY, individually and in his capacity as an officer of the City of Davis Police Department; BEN HARTZ, individually and in his capacity as an officer of the City of Davis Police Department; DAVID HENDERSON, individually and in his capacity as District Attorney for the Yolo County Office of the District Attorney; PATRICIA FONG, individually and in her capacity as Deputy District Attorney for | |

1

the Yolo County Office of the District Attorney and member of the Davis Police Department Community Advisory Board; DOUGLAS THORN, individually and in his capacity as counsel for Yolo County and the City of Davis;

Defendants.

----oo0oo----

Defendants The Davis Enterprise, Debbie Davis and Lauren Keene (hereinafter collectively referred to as "Media Defendants" unless otherwise indicated) have moved, pursuant to California Code of Civil Procedure § 425.16(c), for an award of certain attorney's fees incurred in connection with their Special Motion to Strike, brought under § 425.16(b) and granted in part by the Court's Memorandum and Order issued June 25, 2007.  The Media Defendants' initial Motion for Attorney's Fees, filed on July 12, 2007 was denied without prejudice to being renewed following disposition of Plaintiffs' interlocutory appeal to the Ninth Circuit, filed on July 18, 2007.  Following the Ninth Circuit's dismissal of that appeal on or about March 11, 2008, the Media Defendants have now properly renewed their attorney's fee request.

The prevailing defendant on a special motion to strike a claim arising from the defendant's exercise of free speech on a public issue, commonly referred to as an "anti-SLAPP motion",[1] is entitled to recoup his or her attorney's fees and costs.

---

[1] SLAPP is an acronym denoting a so-called "Strategic Lawsuit Against Public Participation".

1  See Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001).  This
2  comports with the language of the anti-SLAPP statute, California
3  Code of Civil Procedure § 425.16, which by its terms provides for
4  a mandatory fees and costs recovery.  Cal. Code of Civ. Proc.
5  § 425.16(c) (mandating that prevailing party "shall be entitled
6  to recover his or her fees and costs").  Permissible fees and
7  costs encompass both those incurred for the motion to strike
8  itself and with respect to any subsequent application for fees.
9  Ketchum v. Moses, 24 Cal. 4th at 1140-41.  Recovery under
10 § 425.16 "is broadly construed so as to effectuate the
11 legislative purpose of reimbursing the prevailing defendant for
12 expenses incurred in extracting herself from a baseless lawsuit."
13 Wilkerson v. Sullivan, 99 Cal. App. 4th 443, 446 (2002).
14      Here, counsel for the Media Defendants, Charity Kenyon, has
15 filed a declaration addressing the criteria set forth in Local
16 Rule 54-293 for the recovery of attorney's fees.  Ms. Kenyon has
17 attached billing statements itemizing attorney's fees in the
18 amount of $21,230.00 and costs in the sum of $21.49 for a total
19 of $21,251.49.  The hourly fee charged on behalf of the Media
20 Defendants was $275.00 per hour, which is within the range
21 permitted in this District for an attorney's fee recovery.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Significantly, Plaintiffs have filed no opposition to the Media Defendants' Motion.  Given that non-opposition, and after making an independent determination following its review of the materials submitted that the fees and costs sought are reasonable under the circumstances, the Court grants the Media Defendants' Motion for Attorney's Fees and Costs in the amount of $21,251.49.[2]  Said sum shall be paid to counsel for the Media not later than thirty (30) days following the date of this Order.

IT IS SO ORDERED.

Dated: October 7, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).