1

2

3

4                    UNITED STATES DISTRICT COURT

5                  EASTERN DISTRICT OF CALIFORNIA

6

7   HALEMA BUZAYAN, as an individual;
    DR. JAMAL BUZAYAN, an individual;
8   NAJAT ABDALLA DARRAT, an
    individual; MOHAMED BUZAYAN, by
9   and through DR. JAMAL BUZAYAN, as          No. 2:06-cv-01576-MCE-DAD
    Guardian Ad Litem for a minor;
10  YOUSEF BUZAYAN, by and through
    DR. JAMAL BUZAYAN, as Guardian Ad
11  Litem for a minor; ALI BUZAYAN,
    by and through DR. JAMAL BUZAYAN,
12  as Guardian Ad Litem for a minor,          **ORDER**

13           Plaintiffs,

14       v.

15  THE CITY OF DAVIS; JAMES HYDE,
    individually and in his capacity
16  as Chief of Police of the City of
    Davis Police Department; STEVEN
17  PIERCE, individually and in his
    official capacity with the City of
18  Davis Police Department; PHENG LY,
    individually and in his capacity
19  as an officer of the City of Davis
    Police Department; BEN HARTZ,
20  individually and in his capacity as
    an officer of the City of Davis
21  Police Department; DAVID HENDERSON,
    individually and in his capacity as
22  District Attorney for the Yolo
    County Office of the District
23  Attorney; PATRICIA FONG, individually
    and in her capacity as Deputy
24  District Attorney for the Yolo
    County Office of the District Attorney
25  and member of the Davis Police
    Department Community Advisory Board;
26  DOUGLAS THORN, individually and in
    his capacity as counsel for Yolo
27  County and the City of Davis,

28           Defendants.

                              1

1    Through the present Motion, Plaintiffs request that this
2    Court, upon approval of a supersedeas bond in the appropriate
3    amount, stay enforcement of its October 8, 2008 granting
4    attorney's fees in the amount of $21,251.49 to Defendants Davis
5    Enterprise, Debbie Davis and Lauren Keene (hereinafter referred
6    to collectively as the "Media Defendants).  As the prevailing
7    party on a special motion to strike a claim arising from the
8    Defendants' exercise of free speech on a public issue, commonly
9    referred to as an "anti-SLAPP motion",[1] the Media Defendants were
10   entitled to recover their attorney's fees and costs under
11   California Code of Civil Procedure section 425.16(c).  See
12   Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001).

13   Plaintiffs base their stay request on Federal Rule of Civil
14   Procedure 62(d),[2] which authorizes a stay of judgment following
15   an appeal provided that a supersedeas bond is issued.  Here,
16   however, no appeal is currently pending with regard to the
17   aforementioned October 8, 2008 Order.  Plaintiffs nonetheless
18   assert that a stay is appropriate because of their stated
19   intention to eventually pursue an appeal of the Court's Order
20   dismissing the Media Defendants once they are permitted to do so
21   at the conclusion of this case.

22   As the Media Defendants point out in opposition to
23   Plaintiffs' Motion, the language of Rule 62(d) is plain on its
24   face in applying only "[i]f an appeal is taken."

25
26
27   [1] SLAPP is an acronym denoting a so-called "Strategic
     Lawsuit Against Public Participation".

28   [2] All further references to "Rule" or "Rules" are to the
     Federal Rules of Civil Procedure, unless otherwise noted.

1   There undisputedly is no pending appeal as to the Media

2   Defendants' successful anti-SLAPP motion.  Moreover, while

3   allowance of a supersedeas bond is still a matter within the

4   Court's discretion (see United States v. Cowan, 535 F. Supp. 2d

5   1135, 1148 (D. Haw. 2008)), the circumstances of this case, in

6   the opinion of the Court, militate against staying enforcement of

7   the attorney's fees awarded the Media Defendants.

8        First, the purpose of the fee recovery provisions for a

9   successful anti-SLAPP litigant is to compensate a defendant for

10  the expense of having to respond to a SLAPP suit.  The right to

11  recover fees busted by "broadly construed so as to effectuate the

12  legislative purpose of reimbursing the prevailing defendant for

13  expenses incurred in extracting [itself] from a baseless lawsuit."

14  Wilkerson v. Sullivan, 99 Cal. App. 4th 443, 446 (2002).

15       Secondly, although the Court originally deferred any

16  adjudication as to attorney's fees while Plaintiffs' original

17  interlocutory appeal of the Media Defendants' dismissal remained

18  pending (see Order of September 19, 2007), once the Ninth Circuit

19  dismissed Plaintiffs' appeal on March 11, 2008 as constituting

20  neither an appealable final judgment or an appeal interlocutory

21  order, the Media Defendants reasserted their fee request on May 2,

22  2008.  Plaintiffs filed no opposition to that motion which, as

23  stated above, was granted by the Court on October 8, 2008.

24  Plaintiffs could have opposed the Media Defendants' renewed Motion

25  for Attorney's Fees, based on their now professed claim that they

26  intend to reactivate an appeal as soon as possible, and the Court,

27  in turn, could have exercised its discretion in again deferring any

28  decision on attorney's fees until the conclusion of this lawsuit.

3

1   Plaintiffs in fact elected not to file any opposition, yet now

2   belatedly attempt to reverse the consequences of their decision in

3   that regard by asking the Court to stay the award when the time

4   for voicing any opposition to the fee award has long passed.

5        Under these circumstances, the Court declines to stay

6   enforcement of the attorney's fees awarded the Media Defendants.

7   This conclusion is compelled not only by the inability of

8   Plaintiffs to qualify for protection under the terms of Rule 62(d)

9   in the first place, but also by Plaintiffs' failure to timely

10  express their concern with any award of attorney's fees, and the

11  stated legislative purpose of reimbursing successful anti-SLAPP

12  litigants for fees incurred in defending baseless lawsuits.

13       Plaintiffs' Motion for Approval of Supersedeas Bond and Stay

14  of Attorney's Fee Award is consequently DENIED.[3]

15       IT IS SO ORDERED.

16  Dated: December 23, 2008

17

18

19                                   _____
                                     MORRISON C. ENGLAND, JR.
20                                   UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27       [3] Because oral argument will not be of material assistance,
    the Court ordered this matter submitted on the briefing.  E.D.
28  Cal. Local Rule 78-230(h).

4