UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HALEMA BUZAYAN, an individual, et al.,

    Plaintiffs,

  v.

THE CITY OF DAVIS POLICE DEPARTMENT, et al.,

    Defendants.

No. 2:06-cv-01576-MCE-DAD

<u>ORDER</u>

----oo0oo----

Defendants David Henderson and Patty Fong (referred to as "Prosecutor Defendants" unless otherwise noted) have filed a Motion for Reconsideration from this Court's Memorandum and Order filed September 29, 2008. Specifically, the Prosecutor Defendants ask this Court to reconsider Halema Buzayan and the Buzayan family's ("Plaintiffs") compliance with the California Tort Claims Act. The relevant facts are set forth in full in the Court's previous Order and need not be repeated here.

///
///

1    Pursuant to Local Rule 78-230(k), an application for
2 reconsideration must set forth, by affidavit or brief, any new
3 material facts and circumstances that support a claim that the
4 Court's previous ruling be revisited.  The rule is derived from
5 the "law of the case" doctrine which states that when a decision
6 has been made on a legal issue in a case that decision "should be
7 followed unless there is substantially different evidence...new
8 controlling authority, or the prior decision was clearly
9 erroneous and would result in injustice."  <u>Handi Investment Co.
10 v. Mobil Oil Corp.</u>, 653 F.2d 391, 392 (9th Cir. 1981).
11    Here, the Prosecutor Defendants have not offered any such
12 new evidence bearing on the Court's prior ruling; instead, they
13 simply want the Court to again revisit its previous Order.  The
14 instant request is consequently deficient on that ground alone.
15 The Court will nonetheless briefly address Defendants' argument.
16    The Prosecutor Defendants claim that Plaintiffs in the
17 instant case failed to comply with the claims presentation
18 requirements of the California Tort Claims Act (CTCA) contained
19 in California Government Code Sections 900 et seq. (all
20 references hereinafter are to the Government Code unless
21 otherwise specified).  CTCA's primary purpose is to "provide the
22 public entity sufficient information to enable it to adequately
23 investigate claims and to settle them, if appropriate, without
24 the expense of litigation."  <u>Phillips v. Desert Hosp. Dist.</u>, 49
25 Cal. 3d 699, 705 (1989).
26 ///
27 ///
28 ///

1    To this end, CTCA requires that any individual seeking
2 damages from a local public entity, must submit his or her claim
3 to the "governing body of the local public entity." §§ 900.2(a),
4 910-913.2.  Local public entities are divided into three
5 categories- judicial branch entities, local public entities, and
6 the State.  §§ 900.3-900.6.
7    Here, Prosecutor Defendants are district attorneys in Yolo
8 County.  The governing board of Yolo County is the Yolo County
9 Board of Supervisors.  Plaintiffs filed a claim under the CTCA
10 with the Yolo County Board of Supervisors.  Prosecutor Defendants
11 do not dispute these facts.  Therefore, Plaintiffs not only
12 complied with the specific requirements of the act, they also
13 complied with its purpose in providing the County of Yolo with
14 sufficient information to investigate the claim that Plaintiffs
15 have against it.
16    The Prosecutor Defendants nonetheless revisit the argument
17 they made in their Motion to Dismiss, an argument that they have
18 not cited one case to support.  Prosecutor Defendants argue that
19 because they were state officials under a 42 U.S.C. § 1983
20 analysis, Plaintiffs were required to file their claim with the
21 State and not with Yolo county.  "The state and the arms of the
22 state...are not subject to suit under § 1983...either in federal
23 or state court."   Pitts v. County of Kern, 17 Cal. 4th 340, 356-
24 57 (1998) (quoting Howlett v. Rose, 496 U.S. 356, 365 (1990).
25 Under a § 1983 analysis, district attorneys are sometimes
26 characterized as state officials and sometimes county officials,
27 depending on the nature of the activity they are engaged in.
28 McMillian v. Monroe County, 520 U.S. 781 (1997).

3

1    Defendants claim that Prosecutor Defendants acted as state
2 officials in this instance, and that therefore Plaintiffs were
3 required to file their CTCA claim with the State of California.
4 Conversely if a district attorney acted as a county officer, a
5 plaintiff would be required to file a claim with the applicable
6 county.
7    The practical effect of Prosecutor Defendants' position is
8 intolerable.  It would be difficult, if not impossible, for a
9 plaintiff at the beginning of litigation to undergo a § 1983
10 analysis to determine whether a district attorney was acting as a
11 state or county official when the complained of conduct occurred.
12 Moreover, this analysis was specifically tailored for determining
13 immunity from § 1983 claims; it was not developed to determine
14 who the governing board of an agency is for purposes of the CTCA.
15 The CTCA was not meant to be "a trap for the unwary when [the]
16 purpose has been satisfied."  Jamison v. State of California,
17 31 Cal. App. 3d 513, 518 (1973).  The CTCA was enacted to provide
18 the government agency with sufficient information to investigate
19 claims so that it could settle them without litigation.
20 Phillips,  49 Cal. 3d at 705.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

1  Here, the statute and the purpose of the statute were
2 satisfied.  Plaintiffs filed their claim with the Defendants'
3 governing board.  For all of these reasons, Defendants' Motion
4 for Reconsideration (Docket No. 139) is DENIED.[1]
5  IT IS SO ORDERED.

Dated: February 13, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).