1

2

3

4                    UNITED STATES DISTRICT COURT

5                   EASTERN DISTRICT OF CALIFORNIA

6

7   HALEMA BUZAYAN, an individual; DR.        No. 2:06-cv-1576-MCE-DAD
    JAMAL BUZAYAN, an individual; NAJAT
8   ABDALLA DARRAT, an individual;
    MOHAMED BUZAYAN, by and through DR.
9   JAMAL BUZAYAN, as Guardian Ad Litem
    for a minor; YOUSEF BUZAYAN, by and
10  through DR. JAMAL BUZAYAN, as Guardian
    Ad Litem for a minor; ALI BUZAYAN, by
11  and through DR. JAMAL BUZAYAN, as
    Guardian Ad Litem for a minor,
12
              Plaintiffs,
13
         v.                                  MEMORANDUM AND ORDER
14
    THE CITY OF DAVIS; JAMES HYDE,
15  individually and in his capacity as
    Chief of Police of the City of Davis
16  Police Department; STEVEN PIERCE,
    individually and in his official
17  capacity with the City of Davis
    Police Department; PHENG LY,
18  individually and in his capacity as
    an officer of the City of Davis
19  Police Department; BEN HARTZ,
    individually and as officer of the
20  City of Davis Police Department;
    DAVID HENDERSON, individually and
21  in his capacity as District Attorney
    for the Yolo County Office of the
22  District Attorney;; PATRICIA FONG,
    individually and in her capacity as
23  Deputy District Attorney for the
    Yolo County Office of the District
24  Attorney and member of the Davis
    Police Department Advisory Board;
25  DOUGLAS THORN, individually and in his
    capacity as counsel for Yolo County
26  and the City of Davis,

27            Defendants.

28                    ----oo0oo----

                          1

Presently before the Court is a Motion to Dismiss, brought by Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiffs in this case, Halema Buzayan and the Buzayan family ("Plaintiffs") allege sixteen causes of action against the Davis Police Department and various individual police officers; the Yolo County Office of the District Attorney and individuals from the District Attorney's Office; and the City of Davis (collectively referred to as "Defendants" unless otherwise noted).

Defendants have submitted the current Second Motion to Dismiss in an unusual manner.  They claim that in this Court's September 29, 2008 Memorandum and Order ("September 29 Order"), several arguments raised in a prior motion to dismiss were not adequately addressed and/or resolved.  In response, Plaintiffs filed an Opposition Brief to Defendants' Second Motion to Dismiss and a separate Motion to Strike.  Although the Court concludes that the majority of the Second Motion to Dismiss is duplicative and unnecessary, and while Plaintiffs have strong arguments that the Motion to Dismiss is untimely in the first place, the Court will nonetheless exercise its discretion to hear Defendants' pleading challenge one final time because resolution of Defendants most recent contentions may help clarify the remaining issues in the present action.  As set forth below, the Second Motion to Dismiss is granted in part and denied in part.[2]

---

[1] All further references to "Rule," "Rules," or "Federal Rules," are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] The factual background from the September 29 Order is incorporated herein by reference.

1

**STANDARD**

2

**A.    Motion to Strike**

3

4        The Court may strike "from any pleading any insufficient

5   defense or any redundant, immaterial, impertinent, or scandalous

6   matter." Fed. R. Civ. P. 12(f).  "(T)he function of a 12(f)

7   motion to strike is to avoid the expenditure of time and money

8   that must arise from litigating spurious issues by dispensing

9   with those issues prior to trial...." Sidney-Vinstein v. A.H.

10  Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Immaterial matter

11  is that which has no essential or important relationship to the

12  claim for relief or the defenses being pleaded. Fantasy, Inc. v.

13  Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)(rev'd on other

14  grounds Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023,

15  127 L. Ed. 2d 455 (1994))(internal citations and quotations

16  omitted).  Impertinent matter consists of statements that do not

17  pertain, and are not necessary, to the issues in question.  Id.

18

19  **B.    Motion to Dismiss**

20

21        On a motion to dismiss for failure to state a claim under

22  Rule 12(b)(6), all allegations of material fact must be accepted

23  as true and construed in the light most favorable to the nonmoving

24  party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th

25  Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only

26  "a short and plain statement of the claim showing that the pleader

27  is entitled to relief," in order to "give the defendant fair

28  notice of what the...claim is and the grounds upon which it rests."

3

1  Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80

2  (1957).  While a complaint attacked by a Rule 12(b)(6) motion to

3  dismiss does not need detailed factual allegations, a plaintiff's

4  obligation to provide the "grounds" of his "entitlement to relief"

5  requires more than labels and conclusions, and a formulaic

6  recitation of the elements of a cause of action will not do. Bell

7  Atl. Corp. v. Twombly, 2007 U.S. LEXIS 5901, 20-22 (U.S. 2007)

8  (internal citations and quotations omitted).  Factual allegations

9  must be enough to raise a right to relief above the speculative

10 level.  Id. at 21 (citing 5 C. Wright & A. Miller, Federal

11 Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The

12 pleading must contain something more...than...a statement of facts

13 that merely creates a suspicion [of] a legally cognizable right of

14 action").

15     If the court grants a motion to dismiss a complaint, it must

16 then decide whether to grant leave to amend.  The court should

17 "freely give[]" leave to amend when there is no "undue delay, bad

18 faith[,] dilatory motive on the part of the movant,...undue

19 prejudice to the opposing party by virtue of...the amendment,

20 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman

21 v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

22 only denied when it is clear that the deficiencies of the

23 complaint cannot be cured by amendment.  DeSoto v. Yellow Freight

24 Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

25 ///

26 ///

27 ///

28 ///

4

1

**ANALYSIS**

2

**A.   Plaintiffs' Motion to Strike**

3

4       Plaintiffs bring a Motion to Strike on the basis that

5   Defendants' Second Motion to Dismiss is untimely. (Pls.' Mot. to

6   Strik Defs.' Mot. to Dismiss 1, Dec. 10, 2008. [hereinafter

7   Motion to Strike].)  The September 29 Order granted Plaintiffs[3]

8   leave to amend within twenty days. (September 29 Order 25.) That

9   time period expired on October 20, 2008.

10      Although Defendants argue the time period expired on

11  October 23, Defendants misconstrue Rule 6(d), which provides a

12  three day extension for a time to serve an amended pleading where

13  "a party may or must act within a specified time after service

14  <u>and</u> service is made under Rule 5(b)(2)(C),(D), (E), or (F) ...."

15  (emphasis added).  Here, Plaintiffs did not effect service under

16  Rule 5 because they chose not to amend their complaint.  Thus,

17  the time for Plaintiffs to serve an amended complaint expired on

18  October 20, 2008.

19      Because Defendants filed the Second Motion to Dismiss on

20  November 7, 2008, which is more than ten days after the date on

21  which Plaintiffs could have filed an amended complaint pursuant

22  to the September 29 Order, Defendants cannot establish that the

23  Second Motion complied with the ten-day requirements under Rules

24  12(a)(4) or 15(a)(3).

25

_____

26          [3] Because the September 29 Order specifically allowed an
    "amended" pleading to be filed, and Defendants have yet to file a
27  pleading in this action, the Court rejects the argument that the
    September 29 Order implicitly granted a twenty-day period to file
28  a responsive pleading for Defendant.

5

(Mem. of P. & A. in Supp. of Mot. to Partially Dismiss Second Am. Compl. 12, Nov. 7, 2008 [hereinafter Second Motion].)[4] Defendants' failure to comply with the above-cited Rules is nonetheless understandable, since neither are clearly on point.

Both Rule 12(a)(4)[5] and 15(a)(3)[6] contemplate an amended pleading, whereas in this case Plaintiffs did not file an amended complaint.  Moreover, Rule 12(a)(1)(i) requires a defendant to serve "an answer within 20 days after being served with the summons and complaint ...."

---

[4] Even if Defendants were correct in asserting that the three-day extension under Rule 6(d) applied and, therefore, the ability of Plaintiffs to file an amended complaint expired October 23, Defendants would not be able to establish the timeliness of their motion under a ten-day period. In calculating ten days from October 23, excluding weekends and holidays pursuant to Rule 6(a)(2), the ten-day period to file a motion or responsive pleading would have been November 6. See Rule 6(a)(4)(A)(defining "Legal Holiday," to the exclusion of Halloween for purposes of counting days under the Federal Rules).

[5] Rule 12(a)(4) provides:

   (4) **_Effect of a Motion._** Unless a court sets a different time, serving a motion under this rule alters these periods as follows:

      (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action; or

      (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 10 days after the more definite statement is served.

[6] Rule 15(a)(3) provides:

   (3) **_Time to Respond._** Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later.

1    This Rule is not on point because Plaintiffs served the Second

2    Amended Complaint on January 3, 2008, and the law and motion

3    stage of the proceedings had been in effect for almost a year by

4    the time the Plaintiffs could have amended their complaint again.

5         Given this difficulty in determining the applicable Rule,

6    the Court will evaluate the timeliness of Defendants' Second

7    Motion under Rule 12(b), which merely states that "[a] motion

8    asserting any [Rule 12(b)] defenses must be made before pleading

9    if a responsive pleading is allowed."  In <u>Bechtel v. Liberty</u>

10   <u>National Bank</u>, the Ninth Circuit held that a Rule 12 motion was

11   timely because an extension of time had been allowed for filing a

12   responsive pleading, and the motion was filed prior to that

13   pleading. 534 F.2d 1335, 1341 (9th Cir. 1976) ("... if an

14   extension of time has been allowed for filing a responsive

15   pleading, logic and reason would appear to dictate that the

16   extension should apply to the motion as well.").  Plaintiffs

17   argue that the permissive interpretation of Rule 12(b) applies

18   only where an extension has been granted.  (Pls.' Opp'n to Defs.'

19   Mot. to Partially Dismiss Second Am. Compl. 8, Dec. 2, 2008

20   [hereinafter Opposition to Second Motion].)  <u>See also</u> <u>Aetna Life</u>

21   <u>Ins. Co. v. Alla Medical Serv., Inc.</u>, 855 F.2d 1470, 1474 (9th

22   Cir. 1988)(finding a Rule 12(b)(6) motion timely because the

23   defendants filed a motion prior to expiration of the time for

24   defendants to respond to the complaint, as stipulated to by both

25   parties).

26   ///

27   ///

28   ///

1    The Court finds the present case distinguishable from Aetna
2  and Bechtel because Defendants never requested an extension to
3  file a Rule 12 motion or a responsive pleading.  In addition, the
4  reasoning in Bechtel is not necessarily the only interpretation
5  of Rule 12(b)'s permissive language.  In Smith v. Wrigley, a
6  recent Eastern District opinion, the court dismissed a petition
7  for writ of habeas corpus as moot.  2008 WL 2225627, at *1 (E.D.
8  Cal. 2008).  Thereafter, the petitioner filed a motion for
9  reconsideration on the basis that the court did not address two
10 of his claims prior to dismissing the action.  Id.  On August 2,
11 2007, the court granted the motion for reconsideration and
12 ordered the defendant respond within thirty days.  Id.  The
13 defendant did not provide a response by that time and, in fact,
14 waited until November 19, 2007 to file a motion to dismiss.  The
15 court relied on Aetna and Bechtel in noting that the defendant's
16 filed their motion to dismiss "before any answer or other
17 responsive pleading was filed."  The court, noting that no
18 default had been entered against the defendant, stated that it
19 could not "find an adequate basis to strike [the defendant's]
20 motion to dismiss."  Id.  Accordingly, the court permitted the
21 defendant's motion.  See also Ass'n. of Irritated Residents v.
22 Fred Shakel Dairy, 2005 WL 3299508, at *3 (E.D. Cal. 2005) ("the
23 Ninth Circuit 'allows a motion under Rule 12(b) any time before
24 the responsive pleading is filed,' even if filed outside the time
25 limits of Rule 12(a)(1)." (citing to Aetna, 855 F. 2d at 1474 and
26 Bechtel v. Liberty Nat'l Bank, 534 F.2d 1335, 1340-41 (9th Cir.
27 1976)).)
28 ///

1    The decision in <u>Smith</u> is compelling.  As in <u>Smith</u>,

2  Defendants have yet to file a responsive pleading in this

3  litigation, and no default has been entered against Defendants.[7]

4  <u>Smith</u>, 2008 WL 2225627 at *1.  Moreover, the Court cannot find

5  any compelling reason to prevent the current motion from

6  proceeding.  As discussed below, Defendants' arguments in their

7  Second Motion to Dismiss are largely rejected, except for those

8  areas where clarification about Plaintiffs' theories for

9  liability is arguably needed.  Lastly, a motion to strike is

10  appropriate to "... avoid the expenditure of time and money that

11  must arise from litigating spurious issues by dispensing with

12  those issues prior to trial...."  <u>Sidney-Vinstein v. A.H. Robins</u>

13  <u>Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983).  In this situation,

14  granting Plaintiffs' Motion to Strike would serve the opposite

15  purpose. Accordingly, the Motion to Strike is denied.

16

17       [7] Plaintiffs maintain that Defendants are in fact in default
    for the failure to file a timely responsive pleading.  On
18  December 9, 2008, the Court rejected Plaintiffs' request for
    entry of default because Defendants had previously filed the
19  Second Motion to Dismiss.  Rule 55(a) provides that default is
    proper "[w]hen a party against whom a judgment for affirmative
20  relief is sought has failed to plead or otherwise <u>defend</u> ...." In
    2007, the Advisory Committee deleted a qualification on this
21  rule, which previously allowed default only where a party failed
    to "defend <u>as provided by these rules</u>."  <u>See</u> Fed. R. Civ. Pro.
22  Advisory Committee Notes, 2007 Amendments (emphasis added).  By
    deleting this qualification, the Advisory Committee meant to
23  reflect the actual meaning of the Rule, which, as interpreted by
    federal courts, required only that a party needs to "defend"
24  against a judgment in order to defeat a request for entry of
    default; prior to the change, courts regularly rejected the
25  argument that every defense needed to be in strict compliance
    with the Rules.  <u>Id</u>.  Thus, to the extent Defendants did not
26  comply with the Federal Rules in timely filing their Second
    Motion, the fact that the motion was filed prior to the request
27  for entry of default establishes that Defendants had in fact
    defended against a judgment in a manner that defeats a request
28  for entry of default under Rule 55(a).

1    **B.    Defendants Second Motion to Dismiss**

2

3         Initially, Plaintiffs oppose the Second Motion to Dismiss by

4    arguing that the motion is improper under Rule 12(g)(2), which

5    provides that a party must not make successive motions raising a

6    defense or objection that was available and omitted from an

7    earlier motion.  Given Defendants' contention that the current

8    motion does not actually raise new defenses, the Court will

9    exercise its discretion to review the present motion under Rule

10   12(b)(6).  <u>Aetna</u>, 855 F.2d at 1475 n.2 ("courts have discretion

11   to hear a second motion under Rule 12(b)(6) if the motion is not

12   interposed for delay and the final disposition of the case will

13   thereby be expedited ...").

14

15        **1.    Plaintiffs Do Not State a Claim for Civil**
          **Liability for <u>Miranda</u> Violations Because No Such**
16        **Claim Is Alleged.**

17

18        Defendants' first argument is that Plaintiffs cannot

19   establish civil liability for alleged <u>Miranda</u> violations.  (Mem.

20   of P. & A. in Supp. of Mot. to Partially Dismiss Second Am.

21   Compl. 4, Nov. 7, 2008 [hereinafter Second Motion].)

22   Accordingly, Defendants argue that the Second and Fourth Causes

23   of Action should be dismissed to the extent they rely on alleged

24   <u>Miranda</u> violations.  (<u>Id</u>. at 5.)

25   ///

26   ///

27   ///

28   ///

1   Defendants misinterpret the Second and Fourth Causes of

2   Action.  Liability under those Causes of Action is premised on

3   allegations of an unlawful arrest motivated by race, ethnicity,

4   color, or religious belief, which Plaintiffs properly allege as a

5   violation of the Fourteenth Amendment.  (Second Am. and Supp.

6   Compl. for Damages ¶¶ 126-32, 137-39, Jan. 3, 2008 [hereinafter

7   Second Amended Complaint].)

8   Defendants similarly misinterpret the line of cases under

9   Chavez v. Martinez, a plurality opinion which holds that civil

10  liability is not available under 42 U.S.C. § 1983 unless evidence

11  obtained in violation of Miranda is introduced against the

12  criminal defendant, later a civil plaintiff, in a criminal

13  proceeding.  Chavez, 538 U.S. 760, 767 (2003).  Those cases seek

14  to protect the right against self-incrimination under the Fifth

15  Amendment.  Id.; see also Aguilera v. Baca, 510 F.3d 1161, 1173

16  (9th Cir. 2007) (Fifth Amendment claim failed because plaintiffs

17  were never charged with a crime and no incriminating use of the

18  statements had been used).  No analogous issue is before the

19  Court here because Defendants' Miranda argument is irrelevant to

20  the Second and Fourth Causes of Action, which allege violations

21  of racial discrimination and denial of equal protection of the

22  law in contravention of the Fourteenth Amendment.  Therefore, the

23  Motion to Dismiss on this basis is denied.

24  ///

25  ///

26  ///

27  ///

28  ///

1          **2.    Plaintiffs Cannot Establish Liability for False
              Light Invasion of Privacy.**

2

3          Defendants argue that the September 29 Order does not

4    address Defendants' argument that the Fourteenth Cause of Action

5    fails to the extent that it relies on a false light theory for

6    invasion of privacy.  (Second Motion 5-7.)  The Court recognizes

7    that the September 29 Order may contain some ambiguity about the

8    resolution of this argument and, therefore, will take this

9    opportunity to clarify.

10         The September 29 Order states that "[t]he Fourteenth and

11   Fifteenth Causes of Action are factually premised on Defendants'

12   alleged disclosure and broadcast of private information about

13   Plaintiffs."  (September 29 Order 16).  California law

14   recognizes four separate and distinct theories for a cause of

15   action for invasion of privacy: "(1) intrusion, (2) public

16   disclosure of private facts, (3) false light in the public eye,

17   and (4) appropriation." <u>Kapellas v. Kofman</u>, 1 Cal. 3d 20, 35

18   n.16 (1969) (citing to Prosser, Law of Torts (3d ed. 1964) 829-

19   851).)

20         The September 29 Order limits the theory of liability in

21   the Fourteenth Cause of Action to Defendants' alleged public

22   disclosure of private facts.  This result is appropriate given

23   the fact that the prior dismissal of Plaintiffs' defamation

24   claim encompassed the alleged facts supporting a claim for false

25   light invasion of privacy.

26   ///

27   ///

28   ///

12

1   <u>Id</u>. (requiring plaintiff's false light invasion of privacy

2   action to meet the same requirements as a libel claim, including

3   actual malice); <u>see also</u> <u>Fellows v. National Enquirer</u>, 42 Cal.

4   3d 234, 251 (1986) (holding that false light invasion of privacy

5   claims must meet the same pleading and proof of special damages

6   if the claim is based on the same facts supporting a defamation

7   claim).  Because the Court previously dismissed the defamation

8   claim, and the facts supporting that claim were resurrected to

9   support the false light invasion of privacy claim, any false

10  light claim necessarily fails.

11      Therefore, the Court grants the Second Motion to Dismiss

12  the Fourteenth Cause of Action to the extent that the theory of

13  liability is based on Defendants placing Plaintiffs in a false

14  light.  Pursuant to Rule 12(f)(1), and to avoid further

15  confusion about the theory underlying Plaintiffs' Fourteenth

16  Cause of Action, the Court hereby orders the second sentence of

17  paragraph 190, and the first sentence in paragraph 192, in

18  Plaintiffs' Second Amended Complaint stricken.  However, the

19  Fourteenth Cause of Action remains viable to the extent

20  Plaintiffs rely on alleged disclosure and broadcast of private

21  information.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

13

### 3.   Plaintiffs State a Claim for Liability Under California Civil Code § 1798.53

The September 29 Order rejected Defendants' argument that California Civil Code § 1798.53 applied because several factual issues were involved in determining whether a violation of this section occurred, including (1) whether there was a "serious intrusion" of Plaintiffs' privacy, (2) whether Defendants were acting within their official capacity, and (3) whether the alleged disclosures had a reasonable relationship to a public interest.  (September 29 Order 17.)  Defendants' Second Motion points out that the Court did not address whether § 1798.53 applies to the records at issue in this case.  (Second Motion 7-8.)  Plaintiffs allege a violation of this statute occurred when Defendants allegedly released contents of tape recordings which were taken at the Buzayan home by Officer Ly of the Davis Police Department, then provided to the Davis Enterprise, and ultimately published in an article on June 2, 2006.  (Second Amended Complaint ¶ 112.)

Section 1798.3 applies to "any person, other than an employee of the state or of a local government agency acting solely in his or her official capacity, who intentionally discloses information, not otherwise made public, which they know or should reasonably know was obtained from personal information maintained by a <u>state</u> agency ...." Cal. Civ. Code § 1798.53 (emphasis added).  Subject to enumerated limitations, the term "agency" is defined as "every <u>state</u> office, officer, department, division, bureau, board, commission, or other <u>state</u> agency." <u>Id</u>. § 1798.3(b) (emphasis added).

14

1      Defendants argue that the records at issue were not
2 "maintained by a stage agency," thus excepting the records from
3 the protections afforded by § 1798.53.  Plaintiffs' Second
4 Amended Complaint, however, alleges that Defendants, including
5 the Yolo County District Attorney's office, violated § 1798.3 in
6 publishing records protected under § 1798.53.  (Second Amended
7 Complaint ¶¶ 195-96.)  In their Opposition Brief, Plaintiffs
8 argue that the records were maintained by the Yolo County
9 District Attorney's Office. (Opposition to Second Motion 8.)
10 Additionally, Plaintiffs point out that California district
11 attorneys can be treated as state actors for certain purposes.
12 (Id. (citing to Weiner v. San Diego County, 210 F.3d 1025, 1031-
13 32 (9th Cir. 2000)).)

14      Based on the arguments presented in Plaintiffs' Opposition
15 Brief, it will be incumbent on Plaintiffs to demonstrate that
16 Defendants knowingly obtained and disclosed records that were
17 maintained by the Yolo County District Attorney's Office while
18 said office was acting as a state agency, and that Defendants'
19 conduct did not fall within the scope of their official capacity.
20 The September 29 Order made clear that such a determination could
21 not be made at this stage in the litigation.  Accordingly, the
22 Motion to Dismiss on this ground is denied.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1

####          4.   The Invasive Publications Alleged by Plaintiffs
                   are Actionable.

2

3        Defendants argue that the Fourteenth and Fifteenth Causes of

4  Action should be partially dismissed because the Second Amended

5  Complaint does not make allegations against any Defendants except

6  Deputy District Attorney Patty Fong.  In support of this

7  argument, Defendants cite to a single paragraph in the entire

8  complaint, while neglecting allegations in the complaint that

9  support the claim.  (Second Motion 8 (citing to Second Amended

10 Complaint ¶ 112).)  Plaintiffs, however, do make specific

11 allegations against the Yolo County District Attorney's Office

12 and the Davis Police Department.  For example, just a couple of

13 paragraphs in front of Defendants' citation, the Second Amended

14 Complaint alleges that "the District Attorney and Officer Ly

15 joined in the Davis Police Department's efforts to retaliate

16 against the Buzayan family."  (Second Amended Complaint ¶ 110.)

17 Additionally, in explaining the alleged retaliatory efforts,

18 Plaintiffs allege that "the Yolo County District Attorney's

19 Office falsely purported to be authorized to release the tapes."

20 (Id. ¶ 111.)  Moreover, the captions for the Fourteenth and

21 Fifteenth Causes of Action clearly state, in bold, that the

22 allegations apply "Against All Defendants."  (Id. ¶¶ 188-96.)

23       Defendants further argue that California Government Code

24 § 820.8 defeats any potential claim for vicarious liability for

25 acts of fellow public employees.  (Second Motion 8.)

26 ///

27 ///

28 ///

Even aside from the fact that this contention was not raised in Defendants' First Motion, Defendants fail to recognize that the Court specifically rejected the claims to immunity in the September 29 Order because the Court cannot determine whether Defendants' conduct fell within the scope of their official capacity.  (September 29 Order 17.)  See also O'Brien v. Olson, 42 Cal. App. 2d 449, 463 (3d Dist. 1944) (explaining that immunity for public employee supervisors does not apply if the superior countenanced or approved, or acquiesced in the tortious conduct).

The Court finds that Plaintiffs did plead invasive publications by all Defendants.  Additionally, it would be improper to make a ruling on the applicability of Government Code § 820.8 at this time in the litigation.  Therefore, the Motion to Dismiss on these grounds is denied.

### 5.   Defendants Cannot Establish Immunity Under the Noerr-Pennington Doctrine.

As discussed in the September 29 Order, Defendants' claims to immunity cannot be resolved at this stage of the litigation. Defendants characterize Noerr-Pennington as immunizing any "settlement proposals, subpoenas, discovery and other communications between parties connected to the actual judicial proceeding," including "pre-suit communications such as threats of prosecution and settlement demands."  (Second Motion 10 (citing Sosa v. DirctTV, 437 F.3d 923, 934-36 (9th Cir. 2006).)

///

///

1   Defendants fail to recognize that the purpose of Noerr-Pennington

2   immunity is to prevent abridgement of First Amendment rights

3   resulting from liability under a federal statute.  Sosa, 437 F.3d

4   923, 929 (9th Cir. 2006)(explaining that the Noerr-Pennington

5   doctrine arose out of the Supreme Court's efforts to reconcile

6   the Sherman Anti-Trust Act with the First Amendment).  In the

7   present case, while Plaintiffs do rely on 42 U.S.C. § 1983, their

8   theory of liability is premised on alleged violations of the

9   Fourteenth Amendment, as well as constitutional and statutory

10  rights under California law.

11      Additionally, Defendants have failed to establish the

12  elements required for Noerr-Pennington immunity as described in

13  Sosa.  Sosa, 437 F.3d at 932.  In Sosa, the Ninth Circuit

14  required the defendant seeking Noerr-Pennington immunity to

15  establish (1) that the suit burdened the defendant's ability to

16  petition the government for redress, (2) that the burden could

17  not be imposed in a manner consistent with the Constitution, and

18  (3) that the allegations against the defendant clearly establish

19  liability under the operation of a federal statute.  Defendants'

20  failure to make this showing also dooms their effort to establish

21  Noerr-Pennington immunity.

22

23                    **6.   Defendants Cannot Establish Immunity Under
                            California Civil Code § 47(b).**

24

25      Defendants' claim to immunity under Civil Code § 47(b) is

26  similarly unavailing.  Again, this Court rejected Defendants'

27  claims to immunity in the September 29 Order.

28  ///

                                   18

1  To the extent Defendants seek to emphasize that their claim to

2  immunity applies to conduct made during the criminal

3  investigation and proceedings, the Court specifically stated that

4  immunity did not apply to conduct which did not have a

5  "'functional tie to the judicial process.'"  (September 29 Order

6  21.)  Indeed, the general formulation for immunity under § 47(b)

7  requires that a "communication" be "'(1) made in judicial or

8  quasi-judicial proceedings; (2) by litigants or other

9  participants authorized by law; (3) to achieve the objects of the

10 litigation; and (4) that have some connection or logical relation

11 to the action.'"  Olszewski v. Sripps Health, 30 Cal. 4th 798,

12 830 (2003)(citation omitted).  Defendants' Second Motion does not

13 establish that the conduct alleged to constitute Fourteenth

14 Amendment violations, violations of privacy under California law,

15 and/or a failure to protect private information, serve to

16 "achieve the objects of the litigation" or "have some logical

17 relation to the action."  Id.

18     Additionally, despite the California Supreme Court's

19 statement in Olszewski that the § 47(b) privilege generally does

20 not extend to "tortious courses of conduct," id., it is apparent

21 that the privilege does apply to some tortious conduct.  See,

22 e.g., Flores v. Emerich & Fike, 416 F. Supp. 2d 885, 900 (E.D.

23 Cal. 2006) (noting that the privilege has been applied to abuse

24 of process, fraud, invasion of privacy, and interference with

25 contract).  When reviewing the Second Motion to Dismiss, the

26 Court views the complaint in a light most favorable to

27 Plaintiffs.

28 ///

19

Accordingly, at the current stage of the proceedings, the Court must read the Second Amended Complaint as alleging conduct that does not fall within the scope of the § 47(b) privilege. Accordingly, the Court must reject Defendants' claim to immunity on this basis.

**CONCLUSION**

Based on the foregoing analysis, Defendants' Motion to Strike (Docket No. 156) is DENIED. Defendants' Motion to Dismiss (Docket No. 138) is also DENIED, except that the Court clarifies, with respect to Plaintiffs' Fourteenth Cause of Action that any reliance on false light invasion of privacy is precluded. Defendants' Second Motion to Dismiss is accordingly GRANTED in that regard. Pursuant to Rule 12(f)(1), the Court orders the second sentence of paragraph 190, and the first sentence in paragraph 192, in Plaintiffs' Second Amended Complaint stricken. All other causes of action shall proceed in a manner consistent with this Order.

///
///
///
///
///
///
///
///
///

1        Additionally, while the Court concludes that entertaining
2   Defendants' Second Motion to Dismiss had some limited utility in
3   narrowing the arguments, many of the other arguments raised were
4   either cumulative, premature, inadequately developed, and/or
5   unsubstantiated.  Defendants are directed to refrain from any
6   further efforts to frustrate the timely resolution of this
7   litigation.
8        IT IS SO ORDERED.
9
    Dated: February 25, 2009
10
11
12                                 MORRISON C. ENGLAND, JR.
                                   UNITED STATES DISTRICT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28