UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HALEMA BUZAYAN, an individual, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF DAVIS POLICE DEPARTMENT, et al.,<br><br>Defendants. | No. 2:06-cv-1576-MCE-DAD<br><br><br><br><br>ORDER |

By Memorandum and Order filed September 29, 2008 ("Order"), this Court granted in part and denied in part the Defendants' most recent Motion to Dismiss, which asserted on numerous grounds that Plaintiff's complaint failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).[1]

///
///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

Defendants David Henderson and Patty Fong (referred to as "Prosecutor Defendants" unless otherwise noted) now seek relief from the provisions of that Order on grounds that the Court should have determined that they were absolutely immune from any claims premised on their purportedly wrongful acts in connection with their prosecution and investigation of Plaintiff Halema Buzayan. The relevant facts pertaining to Ms. Buzayan's claim are set forth at length in its previous Order and need not be repeated here.

Rule 60(b)(1) allows the district court to reconsider an order based on mistake, inadvertence, surprise, or excusable neglect. Fed.R.Civ.P. 60(b)(1). There are three instances in which a Rule 60(b) reconsideration is warranted: "1) when there has been an intervening change of controlling law, 2) new evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest justice." School Dist. No 1J, Multonah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Here, the Prosecutor Defendants do little more than rehash arguments that were considered and decided on by this Court in its previous Order. For the sake of clarity, however, the claims advanced by the Prosecutor Defendants' claims with regard to their immunity will briefly be reviewed.

In their January 2008 Motion to Dismiss, the Prosecutor Defendants invoked absolute prosecutorial immunity under 42 U.S.C. § 1983, asserting that any alleged liability on their part was "largely founded" on their alleged representational roles in planning and conducting Halema Buzayan's criminal prosecution. It is clear that a prosecutor is entitled to absolute immunity from liability for damages "when performing the traditional functions of an advocate. Kalina v. Fletcher, 522 U.S. 118, 131 (1997). "The actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). "Prosecutorial immunity depends on the nature of the function performed, not the identity of the actor." Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir. 2005)(quoting Kalina, 522 U.S. at 131). The conduct must be "intimately associated with the judicial phase of the criminal process." Burns v. Reed, 500 U.S. 478, 486 (1991).

It is therefore well established that a prosecutor has absolute immunity for a decision to prosecute a particular case as well as the conduct of the prosecution itself. See id. When a prosecutor engages in other investigatory conduct and administrative duties, however, the line becomes less clear. If the prosecutor is preparing for trial by evaluating evidence and interviewing witnesses, he or she is protected by absolute immunity. Buckley, 509 U.S. at 273. But, if the "prosecutor's administrative duties and investigatory functions do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings" they are not protected by absolute immunity. Id.

The presumption is that qualified immunity is sufficient to protect government officials. Burns, 500 U.S. at 486-487. Consequently, the burden is on the official to show that absolute immunity is justified. Id. at 486.

To the extent that the Fifth and Sixth Causes of Action are predicated on the Prosecutor Defendants' wrongful investigation of Halema Buzayan, and their release of private and confidential information, the facts as set forth in the pleadings are sufficient to withstand immunity. For purposes of a motion to dismiss, all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Therefore, inasmuch as the Fifth and Sixth Causes of Action are predicated on such activity, the Court confirms its denial of the Prosecutor Defendants' request that they be afforded absolute, blanket immunity.

Because the Court's previous Order in that regard does not constitute clear error or fall within any other criteria for granting reconsideration under Rule 60(b), the Prosecutor Defendants' present motion is DENIED.[2]

///
///
///
///
///

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

4

It nonetheless appears undisputed that said Defendants' decision to prosecute Halema Buzayan, as well as their conduct in the subsequent prosecution itself, does entitle Defendants to immunity. That finding is amply supported by the controlling law, and the Court's Order is not inconsistent with it.

The parties are to file a further Joint Status Report not later than twenty (20) calendar days after the date this Memorandum and Order is electronically filed.

IT IS SO ORDERED.

Dated: March 27, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE