UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HALEMA BUZAYAN, et al.,

    Plaintiffs,

No. 2:06-cv-01576-MCE-DAD

v.

**ORDER**

THE CITY OF DAVIS, et al.,

    Defendants.

----oo0oo----

Presently before the Court is a Motion to Amend the Pretrial Scheduling Order in this matter filed on behalf of Defendants City of Davis, James Hyde, Steven Pierce, Phen Ly, Ben Hartz, David Henderson and Patricia Fong ("Moving Defendants"). That Motion is made on grounds that discovery, at least with certain issues presented by the case, has been stayed pending adjudication of an interlocutory appeal filed on March 16, 2010 by Moving Defendants following this Court's February 25, 2010 Memorandum and Order denying their Motion for Partial Summary Judgment. Given that stay, Defendants argue that the existing deadlines as set forth in the Pretrial Scheduling Order ("PTSO") are no longer viable.

1

Once a district court has filed a PTSO pursuant to Federal Rule of Civil Procedure 16, the standards set forth in Rule 16 are controlling. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to the Final Pretrial Conference in this matter, which is currently set for February 24, 2011, a court may modify a status order upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

It is uncontroverted that an interlocutory appeal to the circuit court generally divests the underlying district court of jurisdiction as to the matters directly encompassed by the appeal. Marks v. Clarke, 102 F.3d 1012, 1018 n.8 (9th Cir. 1996), citing Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992) (filing of interlocutory appeal "divests the district court of jurisdiction to proceed with trial" as to the appealing party). Here, Defendants have appealed this Court's decision regarding entitlement to qualified immunity insofar as such immunity may apply to the First, Second, Fourth and Fifth Causes of Action pled in Plaintiffs' Second Amended Complaint. Defendants also take issue with the Court's decision with respect to the unreasonable seizure clause of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment (insofar as those issues are inextricably intertwined with those being directly appealed on qualified immunity grounds), as well as the Court's ruling on the Ninth Cause of Action, for false arrest under California law.

///
///
///

1    It is equally uncontroverted, however, that an appeal does
2 not prevent this Court from continuing to exercise jurisdiction
3 over other phases of the case not related to the appeal.  See
4 City of Los Angeles, v. Santa Monica BayKeeper, 254 F.3d 882,
5 885-86 (9th Cir. 2001); see also Chuman v. Wright, 120 F.3d at
6 1018 n.8 (district court not precluding from handling matters
7 tangential to the appeal).
8    While the parties disagree about just what issues are stayed
9 pending determination of the appeal and which are not, it appears
10 abundantly clear that a substantial amount of the case is
11 affected.  That fact must be considered against the backdrop of
12 the June 2, 2009 PTSO in this case, which establishes a discovery
13 deadline of June 25, 2010, expert witness disclosure to occur by
14 August 25, 2010, and dispositive motions to be heard not later
15 than October 21, 2010.  Those dates are followed in quick
16 succession by the Final Pretrial Conference on February 24, 2011
17 (with a Joint Final Pretrial Conference statement due three weeks
18 beforehand), and the jury trial itself, scheduled to commence on
19 April 25, 2011.
20    Since the interlocutory appeal was filed less than three
21 months ago, the chances of that appeal being resolved prior to
22 the current discovery deadline of June 25, 2010 are virtually
23 nil.  If the discovery deadline is unworkable given the pendency
24 of the appeal, which this Court concludes it is, the remainder of
25 the dates as presently set forth in the PTSO become equally
26 unrealistic given their relation to the close of discovery.
27 ///
28 ///

3

Therefore, the Court finds it necessary to vacate all current deadlines in this matter, as well as the Final Pretrial Conference and trial dates. Defendants' Motion to Amend the Pretrial Scheduling Order (Docket No. 207) is accordingly GRANTED.[1] The parties are directed to notify the Court within ten (10) days following adjudication of the instant appeal so that a new PTSO can be issued as necessary.

This ruling does not preclude ongoing discovery on matters not central to the issues on appeal, as discussed above. If the parties cannot agree on what discovery is or is not appropriate pending a decision on appeal, they are directed to file a motion as necessary before the assigned magistrate judge pursuant to Local Rule 302(c)(1).

IT IS SO ORDERED.

Dated: June 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not deemed to be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

4