UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HALEMA BUZAYAN, et al.,                    No. 2:06-cv-01576-MCE-DAD

      Plaintiffs,

  v.                                                    **ORDER**

THE CITY OF DAVIS; et al.,

      Defendants.

----oo0oo----

On June 30, 2011, counsel for Plaintiffs filed a request to continue the July 17, 2011 hearing on Defendants' Motion for Partial Summary Judgment (filed May 26, 2011) pursuant to Federal Rule of Civil Procedure Rule 56(f). Plaintiffs contend they need the depositions of multiple individuals whose testimony can raise triable issues of fact and/or refute the challenges to Plaintiffs' claim as raised pursuant to Defendants' pending motion. Plaintiffs claim they were unable to obtain the needed deposition during the pendency of Defendants' interlocutory appeal, the mandate for which was filed the same day Defendants' Motion was submitted. Plaintiffs state that they can complete the necessary depositions within sixty days.

1

Rule 56(f) provides for continuance of a summary judgment motion under such circumstances, stating in pertinent part as follows:

> **(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 56(f) confers the court with discretion to order that additional discovery be completed before summary judgment, or to "make such order as it just" to "protect parties from a premature grant of summary judgment." Weinberg v. Whatcom County, 241 F.3d 746, 750 (9th Cir. 2001). "A district court should continue a summary judgment upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." Id. at 750, citing California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

Plaintiffs cite to specific areas of inquiry within the proposed depositions of Defendants Ben Hartz, James Hyde, and Patricia Fong that they claim are essential in opposing Defendants' Motion. See Decl. of G. Whitney Leigh, ¶¶ 15-17. Plaintiffs also claim that Douglas Thorne needs to be deposed for similar reasons, but was foreclosed during the pendency of Defendants' appeal. Id. at ¶¶ 18-19.

///

///

///

///

2

Under the circumstances, the Court determines that Plaintiffs have demonstrated good cause under Rule 56(f) for continuing Defendants' Motion for Partial Summary Judgment to allow those depositions to be taken so that they may be utilized in formulating any opposition proffered by Plaintiffs to Defendants' Motion.

The hearing on Defendants' Motion for Partial Summary Judgment is hereby continued to October 20, 2011 at 2:00 p.m. The deadlines for opposition and reply, if any, shall be calculated in advance of that continued date in accordance with Local Rule 230(c) and (d).

IT IS SO ORDERED.

Dated: July 11, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE