UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HALEMA BUZAYAN, an individual; et al.,

      Plaintiffs,

  v.

THE CITY OF DAVIS; et al.,

      Defendants.

No. 2:06-cv-01576-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

On September 29, 2008, the Court granted Defendants' Motion to Dismiss all of Plaintiffs' federal and state claims against Defendant Douglas Thorn on the basis that those claims were time-barred. Mem & Order, Sept. 29, 2008, ECF No. 131 at 22-23. Plaintiffs Halema Buzayan and the Buzayan family now ask the Court to reconsider that three-year old Order. ECF No. 228.

///
///
///
///

1

As set forth below, Plaintiffs' Motion for Reconsideration (ECF No. 228) fails.[1]

**BACKGROUND**

Through the present action, Plaintiffs Halema Buzayan and the Buzayan family allege that their constitutional rights were violated as a result of events stemming from hit-and-run charges levied against Ms. Buzayan as a result of an incident which allegedly occurred on June 7, 2005, in Davis, California. On July 14, 2006, Ms. Buzayan, through her father as Guardian Ad Litem, filed suit against the City of Davis Police Department and individual Police Department employees alleging seventeen causes of action. ECF No. 1. Since the filing of her initial Complaint, the parties have filed a series of law and motion matters addressing the sufficiency and validity of Plaintiffs' claims.

Specifically, on August 24, 2006, the Defendants filed a Partial Motion to Dismiss under Rules 12(b)(6) and 12(b)(7) and a Partial Motion to Strike under Rule 12(f) and California Code of Civil Procedure § 425.16. ECF No. 6. Since Ms. Buzayan had reached the age of majority prior to filing the suit, the Court granted Defendants' Motion to Dismiss under Rule 12(b)(7), and granted Plaintiff leave to amend the complaint. ECF. No. 33.
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. See E.D. Cal. Local Rule 230(g).

2

1    On November 3, 2006, Plaintiffs filed an amended complaint
2 which substituted Ms. Buzayan as an individual, and added the
3 additional members of the Buzayan family as Plaintiffs.  ECF
4 No. 36.  The First Amended Complaint also added the Davis
5 Enterprise, Debbie Davis, Lauren Keene, the City of Davis, and
6 individuals from the Yolo County Office of the District Attorney
7 as Defendants, and included additional causes of action.  As a
8 result of Special Motions to Strike and Partial Motions to
9 Dismiss filed in early 2007, the media defendants (the Davis
10 Enterprise, Debbie Davis and Lauren Keene) were dismissed along
11 with three causes of action.  ECF. No. 77.
12    Defendants then filed a Motion for Judgment on the Pleadings
13 directed to remaining claims in late 2007.  ECF No. 91.  In
14 response, Plaintiffs filed a Motion to Amend their Complaint on
15 October 23, 2007.  ECF No. 99.  Plaintiffs received permission
16 from the Court on December 14, 2007, to file a Second Amended
17 Complaint ("SAC").  ECF No. 114.  As a result, the Motion for
18 Judgment on the Pleadings was taken off calendar.
19    On January 3, 2008, Plaintiffs filed the SAC.  ECF No. 115.
20 The SAC added Douglas Thorn as a defendant to claims arising
21 under 28 U.S.C. §§ 1983, 1985 and California state law and
22 deleted four additional causes of action set forth in its
23 predecessor.  ECF No. 119.  Defendants then filed a Motion to
24 Dismiss Plaintiffs' SAC.  ECF No. 119.  As relevant here,
25 Defendants moved to dismiss all claims against Thorn on the
26 grounds that those claims were time-barred.
27 ///
28 ///

3

On September 29, 2008, the Court granted Defendants' Motion to Dismiss Plaintiffs' claims against Thorn on the basis that they were time-barred by a two-year statute of limitations. Specifically, the Court found that the only event identified with Thorn mentioned in the SAC, and supporting his inclusion as a Defendant, was an October 26, 2005 meeting with Plaintiffs, at which time Plaintiffs alleged that Thorn threatened to retaliate against them if they pursued their complaints against the Davis Police Department and its officers. See Mem. & Order, Sept. 28, 2009, ECF No. 131 at 22; see also Second Am. Compl., ECF No. 115, ¶¶ 92-99. In granting Defendants' Motion to Dismiss, the Court found that Plaintiffs' §§ 1983 and 1985 causes of action were barred by a two-year statute of limitations, and therefore, no suit against Thorn could be filed after October 26, 2007, two years following the October 26, 2005 meeting underlying his alleged liability. See Mem & Order, Sept. 29, 2008, ECF No. 131 (citing Wilson v. Garcia, 471 U.S. 261, 268-69 (1985); McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991); Calif. Code of Civ. Proc. § 335.1). Similarly, the remaining state claims pled against Thorne as the Fourteenth and Fifteenth Causes of Action, which alleged California-based privacy claims, were also governed by a two-year statute of limitations. Id. (citing Johnson v. Harcourt, Brace, Jovanovich, Inc., 43 Cal. App. 3d 880, 895-96 (1974)). Accordingly, the Court held that no suit against Thorn could be filed after October 26, 2007, two years following the October 26, 2005 meeting underlying his alleged liability.

///

As the SAC naming Thorn as a Defendant was not filed until January 3, 2008, the Court dismissed all claims against Thorn as time-barred.

On July 26, 2011, the Northern District of California issued an unpublished decision in Bolbol v. City of Daly City, 2011 WL 3156866 (N.D. Cal. July 26, 2011), finding that an action is commenced when a party moves to amend her complaint, not when the complaint is actually filed.  On the basis of that decision, Plaintiffs have filed this Motion for Reconsideration of the Court's September 29, 2008 Order dismissing Thorn.  For the following reasons, this Motion is denied.

### STANDARD

Although motions to reconsider are directed to the sound discretion of the court, Frito Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988).  Thus, Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion...and...why the facts or circumstances were not shown at the time of the prior motion."  E.D. Local Rule 230(j).
///

The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence...new controlling authority, or the prior decision was clearly erroneous and would result in injustice." <u>Handi Investment Co. v. Mobil Oil Corp.</u>, 653 F.2d 391, 392 (9th Cir. 1981); <u>see</u> also <u>Waggoner v. Dallaire</u>, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064, 106 S. Ct. 1374, 89 L. Ed. 2d 601 (1986).

"To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Ketchum v. City of Vallejo</u>, 2007 WL 4356137, at *1 (E.D. Cal. Dec. 11, 2007).  A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation..." of that which was already considered by the court in rendering its decision. <u>U.S. v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

///
///
///
///
///
///

## ANALYSIS

In asking the Court to reconsider its prior dismissal of Defendant Thorn, Plaintiffs contend that cases since the Court's September 29, 2008 Order have clarified that, with regard to the statute of limitations, an action is commenced when a party moves to amend its complaint, not when the complaint itself is filed. ECF No. 228 at 3. Accordingly, Plaintiffs argue that their claims against Thorn commenced on October 23, 2007, the day they sought permission to amend their complaint, which is within the two-year statute of limitations period that expired on October 26, 2007. Id.

However, Plaintiffs do not base their Motion for Reconsideration on an intervening change of controlling law. Plaintiffs mainly rely on Bolbol v. City of Daly City, a non-binding decision from the Northern District of California, and other non-binding decisions cited within the Bolbol decision. In Bolbol, the plaintiff moved to amend her complaint on July 9, 2010. 2011 WL 3156866 at *2. Plaintiff sought leave in order to add new causes of action, as relevant here, a violation of California Penal Code section 52.1 against one of the named defendants for events that occurred on September 13, 2008. Id. at *1, 2. The Section 52.1 claim was governed by a two-year statute of limitations which began to accrue on September 13, 2008. Id. at *2. Plaintiff filed her actual amended Complaint, including new causes of action, on September 17, 2010. Id.

///
///

1    The defendants then filed a motion to dismiss plaintiff's
2 additional claims on the grounds that they were time-barred, as
3 they were filed on September 17, 2010, four days after the
4 statute of limitations period had expired.  Id.  The District
5 Court rejected the defendants' argument and, instead, found that
6 plaintiff's newly added causes of action commenced on the date
7 she requested leave to amend her complaint––July 9, 2010––not on
8 September 17, 2010.  Id.  Thus, the Court found that the
9 Plaintiffs' claims were not time-barred, as she filed her motion
10 to amend on July 9, 2010, well within the statute of limitations
11 period.  Id.  The court explained that to "hold otherwise would
12 mean that a plaintiff who timely files a motion to amend the
13 complaint could be out of time simply because hearing and ruling
14 was deferred or delayed through no fault of her own."  Id.
15    While Bolbol does constitute an intervening decision, as it
16 was decided in 2011, is does not constitute controlling authority
17 that is binding upon this Court.  This Court's original Order
18 relied on Ninth Circuit and California case law and the
19 unpublished Northern District of California decision in Bolbol
20 does not clarify the law governing the statute of limitations of
21 Plaintiffs' claims, nor does it compel this Court to amend its
22 decision.  Accordingly, the Court declines Plaintiffs' request
23 for the Court to reconsider and alter its September 29, 2008
24 Order dismissing all claims against Defendant Thorn.
25    More troubling is Plaintiffs' proposition that Bolbol
26 constitutes new case law that clarifies their disagreement with
27 the Court's application of the statute of limitations.
28 ///

Significantly, Bolbol relies on an early 2008 unpublished Eastern District of Michigan decision in Skinner v. Beemer, 2008 WL 659795 (E.D. Mich. Mar. 11, 2008), which predates the Court's September 29, 2008 Order dismissing Plaintiffs' claims against Defendant Thorn as time barred.[2] Thus, Plaintiffs' characterization of Bolbol as new case law is frankly, disingenuous.

Further, it appears Plaintiffs previously raised this same argument in November 2007 when they sought permission to amend their complaint and had since abandoned this argument. Specifically, Plaintiffs argued by way of reply that they lodged their motion to amend their complaint within the statute of limitations period, and cited In re Glacier Bay, 746 F. Supp. 1379, 1389 (D. Alaska 1990), a 1990 District Court of Alaska decision, as support for this proposition. See ECF No. 111 at 10, n.8. Significantly, when Defendants moved to dismiss the SAC's claims against Thorn on the basis that they were time-barred, Plaintiffs did not allege in their Opposition that their claims against Thorn should be considered timely based on when the motion to amend was filed.

---

[2] Bolbol also relies on other out-of-circuit and district decisions, some of which also predate this Court's September 29, 2008 Order dismissing Defendant Thorn. Notably, Bolbol cites an even earlier decided Northern District of California case from 2005 for the same proposition. See, e.g., Irion v. County of Contra Costa, 2005 U.S. Dist. LEXIS 4293 (N.D. Cal. Mar. 16, 2005) (noting that the motion to amend was filed within the statute of limitations); Walton v. U.S. Steel, 2010 WL 5095826 (N.D. Ind. Dec. 7, 2010) (noting that plaintiff moved to amend her complaint within the statute of limitations and therefore there was no time bar); United States v. Chavez, 2010 WL 1257813 (S.D. Tex. Mar. 26, 2010) (noting that the motion to amend was filed within the applicable statute of limitations and therefore there was no need to determine whether there was relation back under Rule 15(c)); Fudge v. United States, 2007 WL 1428664 (W.D. Mich. May 14, 2007) (noting that the motion to amend was filed within the statute of limitations).

Instead, Plaintiffs argued only that a later date should control for purposes of triggering the applicable statute of limitations period. Therefore, Plaintiffs, in essence, abandoned this same argument that they now seek the Court to revisit by way of reconsideration. In this regard, the Court finds Plaintiffs' request for the Court to reconsider its September 29, 2008 Order untenable and without merit.

## CONCLUSION

Plaintiffs have not cited new, controlling authority in support of their Motion for Reconsideration, nor have they presented substantially new evidence or shown that the Court's prior decision was clearly erroneous and resulted in injustice. Accordingly, the Court's prior dismissal of all claims against Defendant Thorn on the grounds that those claims are time-barred stands, and Plaintiffs' Motion for Reconsideration (ECF No. 228) is DENIED.

IT IS SO ORDERED.

Dated: April 20, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE